DANIEL T. WOOD *et al.*

*v.*

ISAAC COOK.

31    271
e206  ²188

1. SHERIFF AND COLLECTOR — *offices merged.* From the passage of the act of 1839, entitled "An act concerning the public revenue," up to 1845, the offices of sheriff and collector of taxes were distinct and independent, neither one having any relation to, or connection with, the other.

2. But by the revenue act of 1845, the office and duties of collector are merged into that of the sheriff; so the office of "collector" no longer exists.

3. DEPUTY SHERIFF — *bond to his principal.* The statute authorizing a sheriff to appoint a deputy, declares that any bond or security taken by a sheriff from his deputy to indemnify such sheriff, shall be good and available at law.

4. COLLECTION OF TAXES — *by sheriff and deputy.* It is the duty of the sheriff, as such, to collect the taxes, so soon as he executes the required bond; when he qualifies, his deputies are at the same moment qualified to collect.

5. SURETIES OF DEPUTY SHERIFF — *their liability.* As it is one of the duties of the sheriff to collect the taxes, and as his deputies are authorized to perform any and all of his duties, the duty of collecting taxes is included, and if the deputy is delinquent, his sureties are responsible.

6. BOND OF SHERIFF — *its effect.* A bond executed to secure the performance of "all the duties of the office of sheriff," can have no wider meaning than the same words as used in the statute.

7. BOND OF DEPUTY SHERIFF — *its effect.* So where a deputy sheriff executes a bond to his principal, for the performance of "all the duties required of him as deputy sheriff," those words embrace all the duties which are by law devolved upon the sheriff.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE MANIERRE, Judge, presiding.

Isaac Cook, former sheriff of Cook county, instituted an action of debt in the court below, against Daniel T. Wood,

and others as his sureties, upon a bond executed by the defendants, on the 12th day of March, 1850, the condition of which was as follows :

"Whereas the above bounden Daniel T. Wood has been appointed by the said Isaac Cook to the office of deputy sheriff in and for said county of Cook ;

"Now, therefore, the condition of the above obligation is such, that if the said Daniel T. Wood, as such deputy sheriff as aforesaid, shall faithfully discharge all the duties required of him as such deputy sheriff, and shall save said Isaac Cook, and his legal representatives, harmless from all costs and damages on account of or by reason of any and all acts of said deputy as such deputy, or by color of his said office, then this obligation shall be void, otherwise remain in full force and virtue."

Among other breaches, it was assigned that Wood, as deputy sheriff, had collected a large amount of State and county taxes, which he had failed to account for and pay over.

A default was entered against the defendants; the damages were assessed, and final judgment entered accordingly.

The defendants below bring the case to this court upon writ of error.

The only question presented for decision, is, as to the liability of the sureties, for the default of the deputy sheriff, in not paying over the State and county taxes collected by him as such deputy, on the lists placed in his hands for collection by the sheriff.

Mr. EMERY A. STORRS, for the plaintiffs in error.

The sheriff, as such, is not bound to collect taxes; and his deputy is only bound to the discharge of such duties as appertain to the office of sheriff.

That the offices of sheriff and collector of taxes are, although reposed in the same individual, entirely distinct and independent in their character, will appear by a comparison of the provisions of the statutes in relation to each.

The following have reference to the manner of qualification

of the sheriff, prescribe his duties, provide for the perform-ance of the duties of his office in case of his death, etc. Scates' Comp., p. 1122, secs. 1, 2, 5, 10 ; ib., p. 800, secs. 7, 8, 9, 10, 12, 13 ; ib., p. 799, sec. 1.

Those relating to the office of collector, are the following : Rev. Stat. 1845, p. 441, secs. 27—30 ; Scates' Comp., p. 1093, secs. 32, 33 ; ib., p. 1085, sec. 6 ; ib., p. 1023, sec. 6 ; Rev. Stat. 1845, p. 446, secs. 63, 70 ; Scates' Comp., p. 800, secs. 7—9.

The duties of both offices are performed by the same indi-vidual, but this is not a merger of one office in the other. That they were to be regarded as entirely distinct and inde-pendent of each other, results of a very necessity from that provision of the statute which provides that upon a vacancy in the office of sheriff, by his death or resignation, the coroner is authorized and empowered to discharge ALL *the duties of* HIS *office.* Scates' Comp., p. 1093, secs. 32, 33.

Yet, in such an event, the duties of collector of taxes are discharged by some person especially appointed for *that* purpose.

The obligation which the securities of the bond sued upon in this case assumed, was simply to save the sheriff " harmless from all costs and damages on account of, or by reason of any and all acts of said deputy, *as such deputy, or by color of his said office.*"

"The words, "*by color of his said office*," used in the bond, do not enlarge the boundaries of the liability of the securities. For these words simply relate to acts done *within the limits of official authority.* *Weller* v. *Take,* 9 East, 364 ; *Alcock* v. *Andrews,* 2 Esp. Ni. Pri. Cases, 542.

The collection of taxes not being an act done as sheriff, his deputy, in collecting taxes, *acts as the agent* of the collector.

The offices of sheriff and collector are not so blended that the bond, executed for the faithful performance of the duties of the one, would embrace the obligations belonging to the other. They are as distinct as though filled by different persons. *The People* v. *Edwards,* 9 Cal. 291 ; *Moore et al.* v. *Foote,* 32 Miss. 480 ; *Crumpler* v. *The Governor,* 1 Dever-

eux (Law) R. 52; *The Governor* v. *Barr*, ib. 65; *The Governor* v. *Mattock*, ib. 213; *Jones* v *Montfort*, 3 Dev. & Batt. 73; *Amos* v. *Johnson*, 3 Harris & McHenry, 216; *Waters* v. *The State of Maryland*, 1 Gill, 302.

It is a general principle that the sureties upon the official bond of an officer, are only responsible for his *official* acts. *Hill* v. *Kemble*, 9 Cal. 72; and this rule is as applicable to the deputy as to the principal.

Mr. W. T. BURGESS, for the defendant in error.

The office of collector is merged in that of sheriff. The collection of taxes is a part of his duty as sheriff. The deputy is authorized to perform any and all of the duties devolving upon the sheriff. So, if the deputy collects taxes and fails to account for them, his sureties are liable to the sheriff. See *Jarnagan* v. *Atkinson*, 4 Humph. 470; *Bailey* v. *Lockhart*, 4 Yerger, 568; *Banner* v. *McMurray*, 1 Dev. (N. Car.) R. 218.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This was an action of debt, brought in the Cook Circuit Court against a deputy sheriff and his sureties on their bond to the sheriff, to save him harmless from the official acts of the deputy. The condition of the bond was, that Daniel T. Wood, as such deputy, shall faithfully discharge all the duties required of him as deputy sheriff, and shall save said Isaac Cook and his legal representatives harmless from all costs and damages on account of or by reason of any and all acts of said deputy, or by color of his said office.

The breaches assigned were, the collection by Wood, as deputy sheriff, of certain moneys on execution. The other was, that as deputy he had collected a large amount of State and county taxes, for which he had failed to account, and pay over.

A judgment was entered by default against Wood and his sureties for the debt, to be discharged by the payment of the

damages assessed, and they were assessed at five thousand three hundred and eighty-two dollars and seventeen cents.

The record is brought here by writ of error, and the following errors are assigned upon it: 1, that the judgment is against law; 2, the bond sued on, covers acts of Wood as deputy sheriff, and breaches assigned and the judgment, are for his defaults as collector of taxes; 3, the declaration is insufficient.

The only question argued is, as to the liability of the sureties, for the default of the deputy sheriff, in not paying over the State and county taxes collected by him as such deputy on the lists placed in his hands for collection by the sheriff.

The counsel for the plaintiffs in error, in the very able and ingenious argument he has submitted, maintains that the offices of sheriff and collector of taxes, are, although reposed in the same individual, entirely distinct and independent in their character.

He presents in parallel columns, the distinctive duties of each of those officers, and argues from them their distinct character. We are not disposed to deny or question the proposition the counsel seeks to maintain, if it be true the offices are distinct, but this we deny.

By the act of 1839, entitled "An act concerning the public revenue," the County Commissioners' Courts of each county were required, at their March term, to appoint some suitable person to act as collector, who was required, before he entered upon the duties of his office, to take an oath faithfully to perform the duties required of him as collector. He was also required to execute a bond in a penalty at least double the amount of the tax to be collected by him, with security, etc. From this time, up to 1845, the offices of sheriff and collector were distinct and independent, neither one having any relation to, or connection with, the other. Whilst the sheriff obtained his authority directly from the people, the collector derived his from the appointment of an inferior court. Whilst the bond of the first named was to be approved by the Circuit Court, that of the other was to be approved

by the County Commissioners' Court, while their duties were wholly dissimilar. They were different persons, holding offices distinct and independent of each other.

By the revenue act of 1845, it is provided, by section twenty-seven, that the sheriff of each county shall be, *ex officio*, the collector of taxes, and his refusal to act, shall vacate his office of sheriff, which shall be filled as in other cases of vacancy. Scates' Comp. 992.

This section merges the office and duties of collector into that of the sheriff, and though he is, in the same act, referred to, and designated as collector, yet, as collector he no longer has a legal existence. The use of the word "collector" in subsequent sections of the act, does not create or revive the office which had been before merged into another office, nor was it the design of the legislature so to do. It would be strange indeed, if, by one breath, an office was extinguished, and by the same breath, it was brought again to life. The use of this word, is but another evidence of the want of care manifested in many of our statutes, by those who drafted and enacted them.

After uniting the offices and imposing the duties on one person, thereby repealing the twelfth section of the act of 1839, the remainder of this act was preserved, in various sections of which, the collector is named, such an officer not being then known to our law, and the sections were framed to designate them. The twenty-eighth section of the act of 1845, is identical with that part of section twelve, which directly follows the provision in it, for the appointment of a collector. The form and condition of the bond are the same. Sections thirty-two, thirty-three and thirty-four, are made up of section sixteen of the act of 1839, and in all the various sections of the act of 1845, when the collector is named, the sheriff, evidently, is the officer intended. How could it be otherwise when the law says, in so many words, there shall be no such officer as collector, but the sheriff shall be, *ex officio*, such officer. The office of collector was gone, but the duties remaining, they were upon the sheriff. This view makes the whole statute consistent, and applies the law to the person and

to the officer who, by the law, is required to perform the duty of collecting the taxes.

It does not seem to follow, as argued by the defendant's counsel, because the sheriff was required to give a bond faithfully to collect, that thereby this duty created an office distinct from that of sheriff. The legislature cannot be presumed to have designed the creation of an office, when by the very act creating it, they had merged it in another office. The design simply, was, to secure the State in the performance of the new duties imposed on the sheriff.

The fact, that the sheriff was required to give an additional bond before he could collect the taxes, cannot change the character of the office, no more than a requirement by the legislature, that on receipt of a *fi. fa.*, he should give a bond to the creditor before he could proceed to collect the money on it. Suppose the law should require this, and the deputy should be entrusted with the writ, should collect the money, and fail to pay it over, would not his sureties on his bond to the sheriff be liable? Could it be permitted them to say, the sheriff has given a special bond for the performance of this duty, and to that, the injured creditor must look?

When a sheriff is elected, he becomes, *eo instanti*, the collector, but as the extent of his responsibility as such, cannot be known until the tax list is placed in his hands for collection, his bond is measured by that list, the non-execution of which, vacates, not the office of collector but of sheriff.

Now what is the provision of the act respecting sheriffs and coroners?

Section 10 provides, that it shall be lawful for any sheriff to appoint a deputy or deputies; which appointment shall be in writing, filed in the office of the clerk of the Circuit Court, and entered of record; and any deputy when so appointed, and having taken and subscribed the several oaths required to be taken by the sheriff, shall be, and is authorized to perform any and all of the duties required of the sheriff in the name of the sheriff; and the sheriff shall be liable for any neglect or omission of the duties of his office when occasioned by any such deputy, in the same manner as for his own

personal neglect or omission. And any bond or security taken by any sheriff, from a deputy to indemnify such sheriff, shall be good and available at law. Scates' Comp. 1124.

It is made the duty of the sheriff to collect the taxes, so soon as he executes the required bond. It is his duty as · sheriff, and in no other capacity, and when he qualifies, his deputies are, at the same moment, qualified to collect. As it is one of his duties to collect the taxes, and as his deputies are authorized to perform any and all of his duties, the duty of collecting taxes would seem, necessarily, to be included, and if the deputy is delinquent, his sureties must be responsible.

The counsel for the plaintiffs in error, insist that sheriffs and collectors must be regarded as distinct and independent of each other, from that provision of the statute which declares that upon a vacancy in the office of sheriff, by his death or resignation, the coroner is authorized to discharge all the duties of his office, whilst the revenue law expressly provides in such an event, that the duties of collector of taxes shall be discharged by some person especially appointed by the County Court for that purpose. He argues with great force, and we confess it is a very strong point in his favor, that from this legislation it is clear that wherever the duties of the sheriff are spoken of, or whenever reference is made to the duties of the office of sheriff, it includes and embraces only those duties which the law has devolved on the sheriff as such ; and that this is a direct legislative determination of the whole question, for the legislature has, by the case put, declared that all the duties of the office of sheriff may be discharged, without the discharge of any of those duties which the law has devolved upon the collector of taxes. He argues, very forcibly, if the words " all the duties of the office of sheriff," used in the statute, do not, as they do not in fact, embrace the duties of collector of taxes, it must follow, the same words used in a bond could have no wider meaning, nor be considered as of a more comprehensive character.

This is put very strongly, but we do not think it is decisive of the question, for the reason that the bond in this case is

not for the performance of all the duties of the office of sheriff, but it is, for the performance of "all the duties required of him as deputy sheriff."

By the law, the sheriff is required to collect the taxes, his deputy is required to perform any and all duties imposed on the sheriff, therefore he is required to collect the taxes, and he so undertakes by his bond. This is the covenant of the parties.

Some cases are referred to by the plaintiffs' counsel, which we have examined.

The first is the case of *The People* v. *Edwards*, 9 California, 291. By the law of California, the sheriff is made, *ex officio*, tax collector, and it provides that he shall be liable on his bond for the discharge of his duties in the collection of taxes, and does not require the execution of any new bond; nor is any other bond required than the one executed by him as sheriff, except when he acts as collector of taxes for miners' licenses. The bond in suit was deemed to have been executed in view of the provisions of the revenue act. For moneys collected for foreign miners' licenses, the court say the defendants are not responsible, but all delinquencies in the collection of other taxes are covered by the bond in suit.

This court would decide the same way, were the sureties of the sheriff on his bond, as such, sued for his delinquency in not paying over the taxes. They would not be responsible because of the special bond which he has given to cover such a delinquency.

As to the idea entertained by that court, and by the court of Mississippi in the case of *Moore et al.* v. *Foote, Governor,* 32 Miss. 480, also cited by plaintiffs, that the offices of collector and sheriff are separate and distinct, it must be based on some provision of a statute differing from ours with which we have not been favored.

The California case decides, and in this we concur, that the ordinary duties of sheriff relate to the execution of the orders, judgments and process of the courts; the preservation of the peace; the arrest and detention of persons charged with the commission of a public offense; the service of papers in actions,

and the like, and that they are, more or less, connected with the administration of justice, but there is nothing in the office to inhibit the legislature from imposing other duties upon them, even if incongruous in their nature.

But there is really no incongruity between the collection of taxes on a warrant or tax list, which empowers the sheriff to levy and sell in case of default, and the collection of money on an ordinary *fi. fa.* In fact, the one is quite germane to the other.

The cases cited from 1 Devereux, (N. C.) we have not been able to examine, but we have examined the case of *Jones* v. *Montfort*, 3 Dev. & Bat. 73, which refers to, and approves them.

The case of *Jones* v. *Montfort*, was debt upon a bond executed by the defendants as sureties of one Fonville, for the faithful discharge of his duties of sheriff. The breach assigned, was, that the sheriff had not paid over to the wardens of the poor, the parish taxes for the year 1831.

Upon *oyer*, the condition of the bond declared on, was, that Fonville should well and truly execute, and due return make, of all process and precepts to him directed, and pay and satisfy all fees and sums of money by him received, or levied, by virtue of any process, into the proper office to which the same, by the terms thereof, ought to be paid, etc., and in all other things, well, truly and faithfully execute the said office of sheriff during his continuance therein.

The Circuit Court ruled the default assigned as a breach, was not within the condition, and this decision was affirmed on appeal to the Supreme Court, and very properly, as we think, but we do not see its application to this case, or its precise bearing upon it. It is undoubtedly good law.

The case of *Amos* v. *Johnson*, 3 Harris & McHenry, 216, is also cited. The bond sued on in this case, was given by a deputy sheriff, with the condition, that he would well and faithfully make return of all such sums of money, or tobacco, as he might receive, during the sheriffship of the sheriff, either by taxes, fines, penalties, etc., that might be put into his hands for collection. The cause was referred to arbitrators, who de-

cided, that the condition of the bond extended only to the duty of a deputy sheriff, and not to the collection of public assessments with which the plaintiff might have been entrusted by the State. The plaintiff put in his *caveat* to the award, and assigned for reason, that the arbitrators were mistaken in point of law, inasmuch as the condition of the bond did include the public taxes of the State and county of Harford.

The *caveat* and reason was overruled by the court, and judgment entered on the award, and on appeal the judgment was affirmed. The case was not argued, nor does the court give any reasons for its judgment, nor do we know what the law of Maryland was on this subject. If that law made the sheriff collector of the public revenue, and imposed it as a duty on him, and authorized and required the deputy sheriff to do and perform any and all of the duties of sheriff, we think, with due deference, the arbitrators and court decided wrong, and are not inclined to the authority of the case. We do not see the bearing of the case in 4 Gill 302, on this case.

On behalf of the defendant in error we have found the case of *Jarnagin* v. *Atkinson*, 4 Humphreys, 470, which was a motion by the sheriff against his deputy, for failing to pay over taxes collected by him as deputy sheriff, wherein it was urged, that the bond of the deputy, which was given for the faithful performance of the duties of deputy, was not broad enough to cover this responsibility; that the office of sheriff and collector of the revenue, are distinct and separate offices, and the deputy sheriff was not the deputy collector.

The court said, it has been held in this State that the collection of the revenue is devolved by law, upon the sheriff; and although he gives a bond as collector, yet he collects as sheriff, and not under a distinct, separate authority created by another office. This being so, the deputy sheriff may collect; and if in doing so, he act so negligently or faithlessly as to charge his principal, he is responsible therefor as deputy sheriff, and, of course, his securities.

This case " runs on all fours " with the one before us — it is a case "in point," and decided by a most able and re-

18

spectable court, and the decision is in full accordance with our views.

Since, then, it was the duty of the sheriff to collect the taxes by virtue of his office as sheriff, and in no other capacity, and as the deputy is authorized and required to perform any and all duties imposed on the sheriff, we think his bond is broad enough to cover the default with which he is charged in the declaration, and his sureties must answer for it, if proved.

Any other decision would bring great injury in its train, for the reason that deputy sheriffs have, for near twenty years, collected for the sheriffs, the public taxes, and given their receipts therefor, and if they had no power to collect these taxes, these receipts might be declared void, and those who claim titles to land in virtue of color of title and payment of taxes for seven successive years, and they are now a vast number in our State, such taxes having been paid to deputy sheriffs, would lose their possessions. It will not do to say, that it might be urged, they acted as agents of the collector in receiving the taxes, and the courts would so consider them. This is quite uncertain — they acted as deputy sheriffs, as their receipts will show, and not as agents; and the court might not be willing to say, that an act done as deputy sheriff, and so certified, was not so done. But we think, there should be no doubt of the authority of a deputy sheriff to receipt for taxes in the name of the sheriff, and that too, by a fair construction of the revenue act of 1845, and of the act respecting sheriffs and coroners.

Such, too, has been the public judgment of the laws, and a uniform and general practice has obtained throughout the State in conformity therewith, and under which, titles to land are asserted and recognized. The practice under a law, is strong evidence of what the law is. "*Contemporanea expositio, fortissima est in lege.*"

The judgment must be affirmed.    *Judgment affirmed.*

In this opinion, Mr. Justice Walker concurred.

Mr. Chief Justice Caton dissented.