## THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.

### v.

### ROBERT F. STEWART ET AL.

1. SUIT ON BOND—ESTOPPEL.—In a suit upon the official bond of a circuit clerk, for a failure to pay over a balance by him reported as in his hands belonging to the county, the clerk is estopped by his report from asserting that such balance was not in fact in his hands at the time of making his report.

2.  FEES OF CIRCUIT CLERK—RECORDER.—In counties where the circuit clerk is *ex officio* recorder of deeds, the duties and emoluments of the latter office are appendant to the former, and this being so, the amount fixed and allowed by the county board for compensation, clerk hire, etc., must be taken to include his allowance for performing the duties of recorder as well as the ordinary duties of circuit clerk. All the fees of the office, whether received for recording deeds or other services, constitute one fund from which the officer may retain the amount allowed him, and the balance must be paid to the county. This compensation cannot be taken from collections from one branch in preference to the other.

3.  BOND AS CLERK AND RECORDER—LIABILITY ON EACH.—The bond given by the officer in his capacity as circuit clerk, is held for all fees improperly retained by him, but is not held for fees received by him as recorder; for the latter, resort must be had to his bond given as recorder. Where it appears that the balance reported as in the clerk's hands was received from both sources, both bonds will be held *pro rata* for its payment.

APPEAL from the Circuit Court of White county; the Hon. THOMAS S. CASEY, Judge, presiding. Opinion filed April 2, 1880.

Mr. P. A. PEARCE and Messrs. McDOWELL & McCLINTOCK, for appellant; that the offices of clerk and recorder are not separate, and there can be no division of compensation or expenditures, cited Kilgore v. The People, 76 Ill. 548; Broadwell v. The People, 76 Ill. 554; Constitution, Art. 10. §§ 8, 9, 10, 13; Rev. Stat. 1877, Chap. 25, § 1; Chap. 53, § 14; Chap. 115, § 1.

The clerk and sureties on his bond are liable for all his delinquencies: The People v. Robinson, 39 Ill. 159.

Mr. J. R. WILLIAMS and Mr. ALLEN BLAKELY, for appellees; that the liability of a surety is construed strictly, cited The People v. Tompkins, 74 Ill. 482; Stull v. Hance, 62 Ill. 52.

Sureties on the clerk's bonds as recorder are not liable for his default as clerk: Cooper v. The People, 85 Ill. 417.

WALL, J. Suit was brought upon the official bond of Stewart, clerk of the Circuit Court of White county. The breach assigned was that he had failed to pay over to the county treasury the sum of $369.76, which was a balance remaining in his hands from fees collected in his office for the half of year ending May 31st,

1879, after-deducting the amount allowable to him under the order of the county board for compensation, clerk hire, and other expenses. The clerk made to the board his semi-annual report, stating his receipts for the half year:

For clerks' fees in suits and miscellaneous services . . $480.75
For recording deed, etc. . . . . . . . . . . . .  830.80

                                                    $1,311.55

CONTRA.

Salary half year  . . . . . $ 500.00
Clerk hire   . . . . . . .   400.00
Stationery, etc.  . . . . . .   41.79
Balance on hand  . . . . .   369.76

                            $1,311.55

This report was approved by the Board, and the clerk was ordered to pay the balance to the County Treasurer, which he refused to do.

On the trial, the clerk testified that he had made this report; that his compensation had been fixed by the County Board at $1,000 per annum, and his allowance for clerk hire at $800 per annum; and that these amounts had never been increased, nor had he made any claim for additional allowance when he made this report, or previously, but that the balance shown by said report had all been expended by him in getting the work done in the office, and that at the time the report was made there was in fact no part of said sum of money in his hands. As he had made the report showing the money was in hand, he could not be permitted to deny it for the purpose of relieving his sureties. Morley v. Town of Metamora, 78 Ill. 394; Roper v. Sangamon Lodge, 91 Ill. 518.

The amount of his compensation, etc., having been fixed by the county board, could not be increased or diminished during his term of office. Const. Art. 10, § 11; Hughes v. People, 82 Ill. 80. His testimony upon the point was, therefore, not competent, and had the case been upon trial before a jury, the court would, no doubt, have excluded it; but as the case was tried without a jury, it will be presumed the court did not consider this proof in arriving at a decision.

The People v. Stewart.

The real point of dispute grows out of the fact that a considerable portion of the money which was so reported by the clerk was received for recording deeds, etc., in his capacity as *ex officio* recorder. It is urged that for fees received on this account recourse should be had to the bond given by the officer in his capacity as recorder, and not upon the bond given by him in his capacity as clerk of the circuit court; and it is urged that as the allowance made to him by the county board is in respect of his office of clerk of the circuit court, he must first appropriate the fees received by him for the ordinary services of the office (which we may call court fees) to the payment of his compensation, including clerk hire and other expenses. In other words, the court fees are the primary fund for the payment of his compensation, etc.; and as in this case the amount so received for court fees was but $480.75, a sum less than he was entitled to retain for compensation, etc., therefore his liability for the balance must be upon the bond given by him as recorder.

By the eighth section of Art. 10 of the Constitution, provision is made for the election of a clerk of the circuit court, who may be *ex officio* recorder, except in counties having a population of 60,000 or more, in which counties a recorder of deeds shall be elected, etc., and this is the substance of the legislative enactment found in § 1, Ch. 115, R. S. The second section of that chapter provides that every recorder, whether holding his office as such *ex officio*, or by election, shall, before entering upon his duties, give a bond with surety, etc., conditioned for the faithful performance of his duties and the surrender of his books, papers, etc., to his successors, etc.

Section 4, chapter 25, makes provision for the giving of a bond by the clerk of the circuit court for the faithful performance of the duties of his office, the payment of all moneys that may come to his hands to the persons entitled to receive the same, and for the surrender of his books, papers, etc., to his successor. The tenth section, Art. 10 of the Constitution, makes it the duty of the county board to fix the compensation of all county officers, with the amount of their clerk hire, stationery, etc., and in all cases where fees are provided the com-

pensation shall be paid only out of, and shall in no instance exceed the fees actually collected; and all fees received in excess of compensation shall be paid into the county treasury.

Chapter 53, R. S., fixes the fees for the various services of clerks and recorders, and § 57, of the same chapter, requires every county officer therein mentioned, who, shall be paid in whole or in part by fees, to keep an account of all receipts, for what service, and by whom paid, and of all expenditures for clerk hire, etc., and to make report to the county board semi-annually; the report to be audited by the board, the officer to retain the amount allowed him for compensation, etc., and the balance to be paid into the county treasury.

Now, the first question is whether the office of recorder in this county (which has less than 60,000 inhabitants) is distinct from that of the circuit clerk, or whether the office and the only office involved is that of the circuit clerk, to which the duties and emoluments of the recorder are appendant. We think it quite clear that the latter is the better view, and, indeed, that the point is made utterly free from difficulty by the decision of the Supreme Court in the analagous case of the sheriff who is *ex officio* collector in counties not under township organization, and in the case (also analagous) of the county treasurer who is by law *ex officio* collector in counties under township organization. These decisions are familiar to the profession, and we will but cite them without further comment on this branch of the case. Wood v. Cook, 31 Ill. 271; Kilgore v. People, etc., 76 Ill. 548; Broadwell v. People, etc., 76 Ill. 554.

Assuming, then, that these are not two separate and distinct offices, and that there is but one office—which is that of the circuit clerk—to which the duties and fees of the recorder are by law attached, we must conclude that the amount fixed and allowed by the county board for compensation, etc., must be taken to include his allowance for performing the duties of recorder as well as performing the ordinary duties of clerk, such as issuing process and making the necessary entries in the records of court and the like. If the clerk were to sue the county for compensation as recorder, he would be well answered by the proposition that his allowance as clerk covered his com-

pensation as recorder, and if he were sued for fees collected by him as recorder, the same consideration would preclude a defense. The office is one; the compensation is one; and by law all the fees of the office, whether received for recording or for other services, constitute one fund from which the officer may retain the amount allowed him by the county board, and the balance must be paid into the county treasury. The law does not provide that this compensation shall be taken first from collections from one branch of the office rather than the other, nor has the officer the privilege of laying it upon the one in preference to the other. The total receipts for all services are but one fund. But here another difficulty arises. The officer is of course bound to account for the whole sum received, irrespective of the source whence derived, but it is contended that his sureties on his recorder's bond are held for the fees received in that capacity, and that his sureties on his bond as clerk are held only for the fees received for other services. Section 2, Chap. 115, above referred to, requires all recorders, whether elected as such or being such *ex officio*, to give a bond for the same purpose and upon precisely the same conditions, the penalty being larger in the large counties. Notwithstanding the fact that he must give his bond as recorder, the clerk is required also to give his bond as clerk. The duties of recorder are the same in counties where they are performed by the clerk as in counties where they are performed by a separate officer, and in the latter case as well as the former, it is clear the officer must report all fees to the county board, and that he would be liable on his bond if he improperly retained any fees so collected. As the conditions of the bond are the same in the one case as the other, we must either hold that in the small counties where the clerk is *ex officio* recorder, he is liable on his bond as recorder for improperly retaining fees collected for recording, or we must admit that the same condition in the bond means one thing in a county having 60,000 population and another thing in all smaller counties. We prefer to accept the conclusion that the same meaning must attach to the condition in all counties, and it follows that for improperly retaining fees collected as recorder recourse may be had to the bond given in

that capacity. The bond given in the capacity of circuit clerk contains a condition broad enough to cover all fees of the officer, and were it not for the fact that there is another bond to which recourse may be had for recording fees, there would be no doubt of the liability on the bond in suit here for the entire balance, whether it come in whole or in part from either source. The question is, must this bond be regarded as the primary security for the ordinary court fees, and as additional security for the recorder's fees, or is it to be held only in respect of the former, leaving the latter to be secured by the other bond ? As in the case of the recorder's bond so in the case of the clerk's bond, the condition is the same in all counties. It certainly cannot be held to cover recorder's fees in the county which has 60,000 population, and where the office is independent of that of clerk. However, the language employed would be sufficiently broad to cover such fees in small counties where such fees are earned and received by the clerk; and if the condition of the bond is to receive the same construction everywhere, it must be held that the clerk's bond does not cover the recorder's fees in any county.

In the case of Cooper v. The People, etc., 85 Ill. 417, it was said that the undertaking of the surety is to be construed strictly, having reference to what was in contemplation of the parties, and that he is bound to the extent and in the manner pointed out by his obligation merely. It was there held that the sureties on the bond given by the sheriff, as sheriff generally, were not held for his failure as *ex officio* collector to pay over the commissions retained by him out of the revenue for collecting it, in excess of the sum to which he was entitled as compensation by the order of the county board, but that his sureties on his collector's bond were liable therefor; the court being of opinion that the revenue collections were not presumably within the contemplation of the sureties when they signed the bond, as a separate bond was required by law for that account.

From the foregoing considerations, we conclude that in counties having less than 60,000 population, the office of recorder is not separate from that of clerk, but is appendant to it, there

The People v. Stewart.

being but one office; that the allowance made by the board for compensation, etc., includes all that is allowable for services as recorder in such counties; that the fees for recording, with all other fees earned in the office, constitute a single common fund out of which must be paid the allowance made by the county board, and that it is not competent to appropriate the money received from one class of fees to such payment in preference to that received from the other; that the bond given in the capacity of recorder may be resorted to for fees collected for recording, and improperly retained; and that the bond given in the capacity of clerk is held for all other fees improperly retained, but is not held for recording fees. Now in this case, the whole sum from both sources was greater than the whole credit, and the credit was greater than the whole sum received, either for recording or for court fees, and the balance was less than either. From which source does this balance come? Evidently from both.

It does not appear that there was any appropriation of the particular moneys received from either source to the payment of the official allowances, nor is it admissible that any such preference should be made. It is obvious, then, that this balance should be regarded as apportionable to both bonds *pro rata*. It must be considered as coming from both sources in the proportion borne by the whole sum received to the amount derived from either collection; and if liability is adjudged upon both bonds accordingly, justice will be done, and the rights of all parties protected.

The judgment of the court below was for the defendant. If the views above expressed are sound, the defendants were liable for their proportion of the balance shown by the report, and to this extent the judgment was erroneous. It will therefore be reversed and the cause remanded.

Reversed and remanded.

CASEY, J., took no part in the consideration of this cause.