ANNA F. FOOTE, Exrx.

*v.*

LAKE COUNTY.

206    185
f214  ¹168

*Opinion filed December 16, 1903.*

1. COUNTIES—*county treasurer is ex officio supervisor of assessments.*
Section 2 of the Revenue act of 1898, (Laws of 1898, p. 36,) provid-
ing that in certain counties the county treasurer shall be *ex officio*
supervisor of assessments, does not create a new office but adds
new duties to the office of county treasurer.

2. SAME—*county treasurer not entitled to separate compensation as su-
pervisor of assessments.* The compensation of a county treasurer, as
fixed by the county board according to law, includes payment for
his services rendered as *ex officio* supervisor of assessments.

*Foote* v. *Lake County,* 109 Ill. App. 312, affirmed.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on writ of error to the Circuit
Court of Lake county; the Hon. CHARLES H. DONNELLY,
Judge, presiding.

R. W. COON, for appellant.

S. DELANO TALCOTT, State's Attorney, (LESLIE P.
HANNA, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

On September 23, 1898, the county board of Lake
county fixed the salary of the county treasurer of said
county for the term beginning on the first Monday of De-
cember, 1898, at $1500 per year and necessary clerk hire.
John M. Foote was elected to said office at the November
election, 1898, and entered upon the duties thereof on the
first Monday of December of said year. He continued to
hold the office and perform its duties until his death, on
April 27, 1901. During that time he filled the office and
performed the duties of supervisor of assessments of said
county in pursuance of the provisions of the act entitled
"An act for the assessment of property and providing

the means therefor, and to repeal a certain act therein named," in force July 1, 1898. (Hurd's Stat. 1899, p. 1444.) After his death, appellant, Anna F. Foote, executrix of his will, presented to the county board a claim against the county for $1208.34 for his salary as supervisor of assessments during the time he filled that office. The county board allowed $425 of the claim and disallowed the balance. An appeal was taken to the circuit court, and a jury having been waived, the case was tried by the court. Plaintiff introduced evidence that the services performed by John M. Foote as supervisor of assessments were reasonably worth from $500 to $600 per year. Defendant offered no evidence, and plaintiff then tendered to the court the following propositions and asked the court to hold the same as the law:

"The court holds as a proposition of law that 'An act for the assessment of property and providing a means therefor, and to repeal a certain act therein named,' approved February 25, 1898, created and provided a new office designated as supervisor of assessments, with duties, obligations and compensation as therein named, and the duties and obligations were not simply added duties to the office of county treasurer.

"The court holds as a proposition of law that the office of supervisor of assessments created by the act of 1898 is an office with a salary attached to it, payable out of the county treasury, and such salary, unless otherwise agreed upon, is a reasonable compensation for the duties and services required by the law creating the office."

The court refused both of the propositions, and plaintiff excepted. The claim was disallowed by the court and judgment was entered against the plaintiff for costs. The plaintiff sued out a writ of error from the Appellate Court for the Second District, and on a review of the judgment by that court it was affirmed and a certificate of importance was granted, under which it was brought to this court by appeal.

The questions of law in the case arise from the refusal of the above propositions of law by the trial court and the exception of the plaintiff thereto.

It is contended that the act of 1898, for the assessment of property, creates a new office, designated as supervisor of assessments, with duties, obligations and compensation pertaining thereto as an independent office; that the duties are not simply added duties to the office of county treasurer; that the office is one with a salary, payable out of the county treasury, and that if the salary is not agreed upon between the officer and the county board, he may recover what the services are reasonably worth. The county board had fixed the compensation of John M. Foote as county treasurer after the act of 1898 was in force and before his election, and if that act does not create a new office, but merely annexes new duties to the existing office of county treasurer, there could be no recovery in the case. Section 10 of article 10 of the constitution requires the county board, except as provided in a previous section relating to Cook county, to fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses, and provides that the compensation of no officer shall be increased or diminished during his term of office. Section 38 of chapter 34 of our statutes (Hurd's Stat. 1899, p. 494,) provides that the time to fix the compensation of county officers whose compensation is to be fixed by the county board, shall be at the meeting of such board next before the election of such officer whose compensation is to be fixed, or the next regular or special meeting to be held thereafter. In this case the compensation of the county treasurer was fixed, in accordance with the statute, at the meeting preceding the election, and it covered his entire compensation for duties performed by virtue of his office of county treasurer. Section 2 of the act of 1898 provides that in counties under township organization, of less than 125,000

inhabitants, the county treasurer shall be *ex officio* super-visor of assessments in his county; that he shall have a suitable office, to be provided and furnished by the county board, which he shall keep open during certain specified hours, and that he may, with the advice and consent of the county board, appoint necessary deputies and clerks, their compensation to be fixed by the county board and paid by the county. (Hurd's Stat. 1899, p. 1444.) As supervisor of assessments he is charged with certain duties by the act, and is required, before he enters upon the duties of his office, to give a bond, with sureties, and to take and subscribe an oath to discharge the duties of the office. Section 46 of the act contains the following: "The salary of the county assessor, supervisor of assessments, and members of the board of assessors and board of review shall all be paid out of the county treasury on bills duly certified and approved by the county board." (Hurd's Stat. 1899, p. 1455.)

We think it clear that the act of 1898 did not create a new office. The provision is, that the county treasurer shall be *ex officio* supervisor of assessments in his county. The term "*ex officio*" implies that the county treasurer shall be supervisor of assessments from or by virtue of his office as county treasurer and as appertaining to such office. His authority to act as supervisor of assessments, under the statute, is derived from his official character as county treasurer, and the duties of supervisor are annexed to his official position as a consequence thereof, without any other appointment or authority than that conferred by the office of county treasurer. By the Revenue act of 1845 it was provided that the sheriff of each county should be *ex officio* the collector of taxes, and it was decided in *Wood* v. *Cook*, 31 Ill. 271, that thereby it became one of the duties of the sheriff to collect the taxes; that the law simply imposed the duties of collector upon the sheriff, and the fact he was required to give an additional bond to secure the performance of

the new duties did not change the character of the office. Section 144 of the act of 1872, for the assessment of property and the levy and collection of taxes, provides that the treasurers of counties under township organization shall be *ex officio* county collectors of their respective counties, and in *Kilgore* v. *People,* 76 Ill. 548, it was decided that no new office was thereby created but that new duties were imposed upon existing officers, who were required to give new bonds for the performance of additional duties. It was therefore held that an allowance of compensation to a county treasurer necessarily included the duties performed by him as collector. It is true that one person may, in the absence of any prohibition, hold two offices, and that the language of an act may show that such was the legislative intent. That was the case in *People* v. *Lippincott,* 67 Ill. 333, where the court passed upon the act of January 29, 1869, requiring circuit judges to observe defects and omissions in the statute and report the same with their views as to amendments, and to prepare bills in conformity with such views. The duties imposed by that act were not judicial or pertaining to the office of circuit judge, and it was held that the designation of the circuit judges as commissioners for the revision of the laws was merely *descriptio personæ.* They were not required to perform such duties *ex officio* as pertaining to the office of circuit judge, while in this case the language indicates that the new duties merely resulted from holding the office of county treasurer. The assessment and collection of taxes both relate to the revenue and are intimately connected with each other. They are but different steps in the statutory scheme of taxation.

There being no new office, the compensation fixed by the county board included payment for all the duties prescribed for the county treasurer as supervisor of assessments under the act of 1898. Whatever salary or compensation John M. Foote was entitled to under the

act of 1898, or any of its provisions, was included in the compensation so fixed as county treasurer. We conclude the court was right in refusing the propositions of law.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*