### Edward R. Moffett v. The People, for use of County of Macon.

1. MISTAKE OF LAW—*when money not paid under.* Money paid by a county to an officer thereof pursuant to an increase, which increase was void in law, is not deemed to have been paid under a mistake of law and may be recovered by such county.

2. COUNTY BOARD—*when without jurisdiction to increase salary of officer.* A county board is without jurisdiction to increase the salary of an officer after the term of office of such officer has commenced.

Action of debt. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed June 1, 1907.

BOGGESS & MOFFETT, for appellant.

W. E. REDMON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of debt brought in the name of the People of the State of Illinois, for the use of the County of Macon, against Edward R. Moffett, upon his bond as county treasurer of said Macon county. The sureties upon said bond were made parties defendant but were not served with process. The cause was tried by the court, without a jury, and resulted in a finding and judgment that the plaintiff recover from the defendant, Moffett, its debt of $135,000 and its damages of $500; such debt to be discharged upon payment of the damages and costs. This appeal is prosecuted by the defendant, Moffett. The facts involved, as disclosed by an agreed state of facts, are substantially as follows:

At the November election in 1902, the appellant, Moffett, was elected county treasurer in and for the county of Macon. At their September meeting next preceding the election, the board of supervisors of said county had fixed the salary of the county treasurer, for the term beginning on the first Monday of December, 1902, at $1,600 per annum, and necessary clerk hire. Appellant, upon his election, duly qualified and gave bond as county treasurer, in the sum of $135,000, conditioned according to law, with the other defendants as sureties, and entered upon the performance of the duties of such office. During the year 1903, he also acted as supervisor of assessments in and for said county, as required by law, and afterward presented a bill to the board for the sum of $500 which he claimed to be due him for salary as supervisor of assessments for the year 1903. The bill was referred by the board to the committee on fees and salaries, who reported that the same should be allowed and recommended its payment. The report was adopted by the board, and pursuant thereto the county clerk executed and delivered to appellant a county order for $500. Appellant thereupon paid said sum to him-

self out of the funds of the county held by him as county treasurer, and the action at bar was brought to recover the same. The declaration, in substance, alleges the election of appellant as county treasurer; the fixing of his salary; his qualification as county treasurer; the execution, delivery and approval of his bond as such treasurer, together with the conditions of the same. It then alleges that it was the duty of appellant as such county treasurer to perform the duties of supervisor of assessments without any compensation or salary in addition to his salary of $1,600 per annum as county treasurer; that he did not safely keep the revenues and public money of said county, coming into his hands as such county treasurer, and did not disburse the same pursuant to law, in this, that on or about December 1, 1903, he paid unto himself the sum of $500 as compensation or salary for his services as supervisor of assessments in and for said county, for the year 1903; that said sum of $500 was in addition to his salary as county treasurer, and that, although requested, he has refused to return said money, etc.

It is further stipulated that the board of supervisors were advised by the state's attorney of the county that the defendant's claim was a legal one; that there was no misrepresentation of the facts concerning said claim by the defendant to induce or influence the board to allow and order paid said claim, nor any fraud or deceit practiced by the defendant relative thereto; and that "the board allowed the defendant's claim and directed the county clerk to issue an order to the defendant upon the county treasurer * * * for said amount of $500 as his compensation for said services." It is admitted by appellant's fourth plea that "he received the said $500 on the 31st day of March, A. D. 1904."

The contention of appellant is, that inasmuch as the money sought to be recovered was by the board of supervisors of said county voluntarily allowed and

paid to him without any misunderstanding or misrepresentation of the facts, and without any fraud or deceit on his part in relation to the matter, and that the same was paid under a mistake of law, it cannot be recovered back. It is contended by appellee, and the trial court so held, that the board of supervisors had no authority or jurisdiction to increase the salary or compensation of the county treasurer after his election and during the term of his office; that such action of the board being without authority of law, or without jurisdiction to act upon the subject or to take any action in the matter of increasing or diminishing the salary of the county treasurer during his term, was absolutely void; and that the money in question having been paid out contrary to law, the same can be recovered in the present action upon the official bond of such treasurer.

In Foote v. Lake County, 206 Ill. 185, it was held that the revenue act of 1898 providing that in certain counties, the county treasurer shall be, *ex officio,* supervisor of assessments, does not create a new office, but merely adds new duties to the office of county treasurer; and that the compensation of a county treasurer, according to law, includes payment for his services rendered as *ex officio* supervisor of assessments. Section 10, article 10 of the Constitution of the State of Illinois, requires the county board to fix the compensation of the county treasurer, with the amount of necessary clerk hire, etc., and provides further that the compensation of the county treasurer as well as other officers, shall not be increased or diminished during his term of office.

The statute provides that the time of fixing the compensation of county officers shall be at the meeting of the county board next preceding the election of the officers whose compensation is to be fixed. Rev. Stat. 1905, p. 566. Any attempt of the county board, by resolution or otherwise, to increase or diminish the salary of the county treasurer is therefore without au-

thority of law, and absolutely void. Foote v. Lake County, 206 Ill. 185; Parker v. County of Richland, 214 Ill. 165.

It is therefore manifest that appellant was not entitled to the sum in question, either as salary as supervisor of assessments, or for extra compensation as county treasurer, and that the board of supervisors had no jurisdiction or authority of law to allow the same or order it to be paid. Their action in the premises was therefore absolutely void, and without legal effect. People v. Parker, 116 App. 143.

The contention of appellant that the money having been paid to him voluntarily under a mistake of law cannot be recovered back, is without merit. Nothing was paid to him by the county, either voluntarily or otherwise. The action of the board, being an absolute nullity, cannot be invoked for his protection as an individual, for it must be regarded as never having been taken, nor could it place the county in the attitude of having paid the money voluntarily.

In effect the action of the board was to grant appellant an increase of salary as county treasurer. This was a matter over which it had, at that time, no jurisdiction whatever, under which it could act. Had the allowance of the money been within the general scope of authority conferred upon the board by law, but under a misapprehension as to the law, such money, if paid, could not have been recovered back. People v. Foster, 133 Ill. 496. No such situation is presented, however, in the case at bar. When the county board, by resolutions, fixed the salary and compensation of the county treasurer for the ensuing four years, its power in the premises was under the constitution exhausted.

The cases cited by counsel for appellant we regard as inapplicable to the facts here involved. In People v. Foster, *supra,* the defendant, Foster, as sheriff, presented reports to the county board showing that the fees collected by him and the allowances theretofore

made to him, did not equal the amount of his compensation for the period covered by such reports, and upon demand, by him, the board ordered the deficiency paid to him from the county treasury. It was held that as the payment, although illegal, was made under a mistake of law, and without fraud or mistake of fact, the money could not be recovered back. It was, however, further expressly stated in the opinion of the court, that the question as to whether the conditions existed authorizing the payment, was one over which the county board had jurisdiction to consider and pass and act upon.

In Village v. Knopf, 199 Ill. 444, where the charges of a county clerk to the village for services in connection with certain tax deeds, which charges were alleged to be unauthorized by law, were investigated, settled, and voluntarily paid by the village, it was held that as it was within the scope of the authority of the village to settle the claim, the amount paid in settlement thereof could not be recovered back.

City v. Whitfield, 109 App. 120, was a suit to recover back money paid out by the city for legal services for which the city was not legally liable. It was held that the money could not be recovered back. There, too, the adjustment and allowance of claims of the character in question was undoubtedly within the scope of the authority of the city officials.

In Yates v. Ins. Co., 200 Ill. 202, the only question involved was whether where a statute authorizing the levy of certain taxes is void, taxes illegal for that reason, but paid voluntarily, could be recovered back.

It follows that the money in question was paid by appellant, as county treasurer, to himself, without authority of law. It is admitted by his counsel in their brief that such an act would constitute a clear breach of his official bond.

The judgment of the Circuit Court was therefore proper and is affirmed.

*Affirmed.*