## JAMES D. KILGORE

*v.*

## THE PEOPLE, for the use, etc.

1. OFFICE AND OFFICER—*of collector not a distinct office from that of treasurer or sheriff.* Under the constitution and laws of this State there is no such an officer as county collector. In counties under township organization the county treasurer, and in all other counties the sheriff, is required by law to collect the revenue, and as such is sometimes designated as collector; but this creates no new office—it only imposes new and additional duties on the part of the treasurer or sheriff.

2. SAME—*compensation to be fixed by county boards.* Where the board of supervisors of a county fixed the compensation of the county treasurer at $700 per annum, to include fuel, stationery and clerk hire, this was *held*, necessarily, to include his compensation for duties to be performed by him as collector as well as treasurer, the offices not being distinct. The constitution does not require the salary of such officer to be fixed separately from the stationery, fuel and clerk hire of the office, but it requires the compensation—the whole compensation of the officer, including stationery, fuel and clerk hire—to be fixed by the board.

APPEAL from the Circuit Court of Ford county.

Mr. JOHN R. KINNEAR, for the appellant.

Mr. JAS. K. EDSALL, Attorney General, and Mr. A. SAMPLE, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Ford circuit court, on the official bond of James D. Kilgore, as collector of the revenue of that county.

The pleas were, *non est factum* and performance of the condition of the bond. By consent, the issues were tried by the court, and a finding and judgment for the plaintiff.

The breach alleged was, as collector defendant had received the sum of five thousand dollars, which he had not paid over to the county treasury, nor any part thereof. In the second count, that defendant had converted and disposed of the money collected for his own use, and refused and neglected to surrender the same to his successor, and that his office became vacant on the 12th of August, 1874, and John B. Shaw succeeded him in office on the 19th of September, 1874.

Appellant, on this appeal, makes the point that the offices of treasurer and collector are distinct, and his right to retain the statutory fees and commissions of collector is perfect, notwithstanding his salary as treasurer may have been fixed by the board of supervisors.

This is really the only important question in the case. Are there two distinct offices: that of the treasurer and that of the collector? If two, then the claim of appellant must be allowed; if not, then he is responsible, for the facts are not controverted.

It is quite a pertinent question at the threshold of this investigation, if the office of collector is an office distinct and separate from all others, and the collector such an officer, when and under what provision of law was he elected? Appellant claiming the office of collector to be separate and distinct from the office of treasurer, to which he has been elected,

it is incumbent on him to show when, where and how he was elected to such office. By the constitution and laws of this State the election or appointment of all officers is provided for, and an express inhibition on the General Assembly to elect or appoint to office outside of their own body.

We look in vain to the constitution for a provision as to the election of a collector of a county, and the statute is equally silent. Had the election or appointment of such an officer been designed, surely there would have been some provision made to that end in the constitution or statutes.

The constitution, section 8, article 10, has this provision : "In each county there shall be elected the following county officers : county judge, sheriff, county clerk, clerk of the circuit court, * * * treasurer, surveyor and coroner." A collector is not named in the constitution as an officer to be elected in counties or appointed therein, nor is he known to the law as an officer *per se.* This is shown by reference to section 144 of the revenue law, where it is declared that the treasurers of counties under township organization, and the sheriffs of counties not under such organization, shall be *ex officio* collectors of their respective counties; that is to say, the revenues of the county in the shape of taxes shall be collected by the treasurer of the county elected by the people of the county.

This is a duty the legislature had a right to impose upon those officers, and to require of them additional bonds for the performance of such additional duties. No office was created thereby, but a legislative order that all county treasurers in certain counties shall, by virtue of their office as treasurer, collect the revenue of the county. Should one of these treasurers fail or refuse to give bond for the faithful performance of the duty of collecting, the office may be declared vacated. What office? The office of treasurer, there being no other.

This question, in a somewhat different shape, came before this court in 1863, in *Wood et al.* v. *Cook*, 31 Ill. 271.

In that case it was contended by the plaintiff in error, that the office of sheriff and collector were two distinct and separate offices, notwithstanding the act of the legislature provided that the sheriff of the county should be *ex officio* collector of taxes.

In the examination we then gave the subject, the conclusion was reached there was but one office—that of sheriff; and his deputy was authorized to collect and receipt for taxes. It was held the office of collector was gone—the duties he was required by the old law to perform devolving upon the sheriff. By the old law, from 1839 to 1845, these offices were separate and distinct, but by the act of 1845 it was declared the sheriff should be *ex officio* collector.

Appellant was the county treasurer, duly elected and qualified, executing his bond as such, and his compensation fixed by the board of supervisors at seven hundred dollars per annum, with this proviso: "*Provided,* that the said treasurer furnish his own fuel, stationery and clerk hire."

It is contended by appellant, that by this order of the board his compensation was not fixed. Section 10, of article 10, of the constitution, provides that "the county board shall fix the compensation of all county officers, with their necessary clerk hire, stationery, fuel and other expenses ; and in all cases where fees are provided for, such compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected. They shall not allow either of them more per annum than $1500, in counties not exceeding 20,000 inhabitants, * * * * *Provided,* that the compensation of no officer shall be increased or diminished during his term of office. All fees or allowances by them received, in excess of their said compensation, shall be paid into the county treasury."

The county board, acting under this mandate of the constitution, fixed the compensation of appellant at seven hundred dollars per annum, to include fuel, stationery and clerk hire, and although no definite sum is specified for the one or the

other, his entire compensation was fixed—it was limited to seven hundred dollars per annum. Herein we can perceive nothing wanting to make his compensation specific and certain, it being conceded Ford county is a county with not exceeding 20,000 inhabitants. The office of treasurer, being the only office provided for by this order of the county board, necessarily included the duties to be performed by him as collector, the treasurer being, *ex officio,* the collector. Appellant is in error in arguing that it was the duty of the county board to fix a specific sum for "salary," and a specific sum for the expenses of the office. Section 10, of article 10, above cited, says not a word about "salary"—it does not contain that word. The board is required to fix the "compensation"—the whole compensation, including stationery, fuel and clerk hire. This they have done, meagrely, it may be, yet it is the compensation to which the person holding the office of treasurer, who performs the duties of collector, should have, and no more. All fees or allowances by them received in excess thereof, must be paid into the county treasury.

An argument is attempted to be drawn by appellant, from the consideration that by law county collectors are required to collect all delinquent taxes of cities, towns, villages, etc., duties with which the board of supervisors have nothing to do, they concerning the county revenue in no manner whatever, and the board has no means of knowing the extent of the duties of this kind the collector may be required to perform, and can not fix a salary for unknown services.

It is error to use the term "salary," no salary being allowed the treasurer but "compensation" merely, and it is immaterial what duties this officer may be required to perform, or their extent. This whole subject must be presumed to have been under the consideration of the board of supervisors when they fixed the compensation. Besides, these duties here stated by appellant are not usually very important, as the town collectors are required to perform them by a given day, and then their

books are turned over to the county treasurer, to collect the amounts remaining unpaid.

Appellant argues, if the constitution has not created the office of collector, and has imposed no constitutional limitation on the legislature in regard to it, then that body would have the power to create the office, and asks, has the legislature so done? We look in vain to the statute book to find any law creating the office of collector, or providing for his appointment; and we can not think the indiscriminate use of the term "collector" in the statute equivalent to an election or an appointment, but rather ascribe it to the fact that the treasurer, being the collector, could be referred to by either expression, and he was the officer comprehended under the title of collector. These titles, "treasurer" and "collector," were used only, as we think, to designate the particular class of duties to be performed, and all of them by one officer: the "treasurer."

This act of 1872, making treasurers in counties under township organization, and sheriffs in counties not so organized, *ex officio* county collectors, was evidently designed to give effect to section 4, of article 9, of the constitution, requiring the General Assembly to provide that a return of unpaid taxes shall be made to some general officer of the county having authority to receive State and county taxes, and prohibiting the sale of real estate for taxes and assessments by any other general officer. These officers thus named are such "general officers." The effect of the statute is only to impose additional duties upon these officers, not to confer upon them an additional office.

On a careful re-examination of the case of *Wood et al.* v. *Cook, supra,* and the principles therein affirmed, we can not perceive wherein, in principle, this case differs from that. As in that case so in this, the proper construction of the statute referred to is to consider it as imposing additional duties only, and not as conferring an additional office upon the county treasurer. This the General Assembly had not the

constitutional power to do, and, as we think, have not attempted to do.

We are of opinion, with the circuit court, that appellant held but one office, for the performance of the duties of which, which were those of a collector also, compensation was provided by the board, which can not be increased. All the fees and allowances beyond that belong to the county treasury, and on failure to pay them over, the liability on the official bond was complete.

The judgment must be affirmed.

*Judgment affirmed.*