ALONZO A. WHEELOCK *et al.*

*v.*

THE PEOPLE, for the use of Scott County.

1. FEES AND SALARIES—*time for fixing by county board.* Where the compensation of a sheriff has not been previously fixed by the county board, the first meeting of the board after his election is the proper time to fix such compensation.

2. SAME—*can not be changed.* After the compensation of county officers has once been determined by the county board, any subsequent order, so far as it may have the effect to increase or diminish such compensation, is void.

3. SAME—*compensation need not include expenses.* The clause of the constitution in relation to the compensation of county officers, does not mean that the compensation to be fixed by the county board shall, in every instance, include all expenses of the office, but it may, or may not, include such expenses. The compensation of such officers may be fixed at a sum not exceeding the constitutional limit, and another sum designated for necessary clerk hire, stationery, fuel, and other expenses.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

At the November election, 1872, Alonzo A. Wheelock was elected sheriff of the county of Scott, qualified, and entered upon the duties of the office. No compensation had been previously fixed for the sheriff, but at the first meeting of the county board after the election, viz.: on December 5, 1872, the board passed the following order: "It is ordered that the compensation of the sheriff and ex-officio collector of Scott county, Illinois, be the fees and emoluments of said office that now are, or may hereafter be, allowed by law, provided, such compensation, after paying necessary deputy hire, stationery, fuel, and other expenses of said office, does not exceed the maximum fixed by the constitution of the State of Illinois, for counties of its class; all over said amount to be paid into the county treasury."

On June 4, 1873, the board made the following supplemental or explanatory order: "It appearing, by order of the

county court, made December 5, 1872, the sheriff of this county was allowed $1500, it being the amount allowed by the constitution, and, it further appearing, by article 10, section 10, of said constitution, that said court shall fix the necessary amount of deputy hire, fuel, stationery, and expenses, it is, therefore, ordered by this court, that the amount of said deputy hire, fuel, stationery, and expenses of said office, shall be the additional fees and emoluments of said office of sheriff, over and above the said $1500 heretofore allowed said sheriff, with the exception of fees in criminal cases named in section 118 of the act in relation to fees and salaries, in force July 1, 1872."

This action is against the sheriff and his sureties on his official bond. The declaration is in the usual form, and by way of recitals, it is shown the county board, on the 5th day of December, 1872, being the first regular meeting after his election, fixed the sheriff's compensation at $1500, and afterwards, on the 3d day of June, 1874, allowed the sheriff $968.98, for expenses of office for the year ending December 1, 1873, and, on the same day, the board ordered him to pay into the county treasury the balance of fees collected after deducting compensation and allowances; and afterwards, on the 28th day of December, 1874, the board allowed the sheriff $1000 for expenses of office for the year ending first Monday of December, 1874, and ordered him to pay into the county treasury the balance of fees collected after deducting compensation and allowances.

Two breaches are assigned—

*First*—That such sheriff failed to pay into the county treasury, in pursuance of the order of June 3, 1874, all earnings of his office by him received for the year ending December 1, 1873, in excess of compensation and allowances, but converted the same to his own use, to the amount of $1500.

*Second*—That the sheriff failed to pay into the county treasury, in pursuance of the order of December 28, 1874, all earnings of his office by him received in excess of compensa-

tion and allowances, but converted the same to his own use, to the amount of $1500.

It is conceded by pleadings of both parties, the population of Scott county does not exceed 20,000. To the original declaration, defendants filed six pleas. The first was *nil debit*, upon which issue was joined. The others were all special pleas, setting forth, in substance, with appropriate averments, the orders of the county court of December 5, 1872, and June 3, 1873, in regard to the sheriff's compensation and allowances for deputy hire, and other expenses incident to the office, as a full and complete bar to the action.

Afterwards, on leave obtained, plaintiffs amended the declaration by striking out of the assignment of breaches every thing in relation to allowances of expenses. The demurrer filed to the several special pleas was then carried back, and sustained to the declaration. Plaintiffs again, on leave obtained for that purpose, amended the declaration by striking out the previous amendment, so that the declaration was as originally filed.

Defendants, in addition to the pleas on file, then, by leave of court, filed another or seventh plea, in substance the same as the former pleas, with additional averments, setting forth the total receipts of the office, and the actual and necessary expenses of the office for clerk and deputy hire, fuel, stationery and other legitimate expenses, and that after paying the same, the compensation or salary for the first year of his term was $905.03, and no more, and for the second year it was $500.83, and no more. A demurrer interposed was sustained to all the special pleas, and defendants electing to stand by their pleas, judgment was rendered against them for the penalty in the bond, and damages assessed at the sum of $3197.16, debt to be discharged on payment of damages. Defendants bring the case to this court on error.

Mr. N. M. KNAPP, Mr. J. G. HENDERSON, and Messrs DUMMER & BROWN, for the plaintiffs in error.

Mr. JAMES M. RIGGS, and Mr. WM. W. BERRY, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The decision of this case will depend on the construction ·that shall be given to the order of the county court in relation to compensation of the sheriff for the current term, made on the 5th of December, 1872. His compensation had not previously been fixed, and that being the first meeting of the board after the election, it was the proper time to determine what his compensation should be. All subsequent orders of the board, so far as they, or any of them, may have the effect to increase or diminish the sheriff's compensation during the current term, are void, as being inhibited by the constitution. Section 10, article 10 of the constitution, which makes it the duty of the county board to "fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses," also provides "that the compensation of no officer shall be increased or diminished during his term of office." It is plain, therefore, the rights of the parties, whatever they may be, were fixed unalterably by the order of the county board made December 5, 1872. The order of June 3, 1873, was not intended to affect the compensation of the sheriff, and, had it been so intended, it would have been inoperative and void. It was simply explanatory of the former order in relation to the sheriff's compensation, and was made under the belief, no doubt, it was the duty of the board, under the constitution, to fix, also, the "amount for deputy hire, fuel, stationery and expenses." That is the purpose expressed in the order itself.

To ascertain what is the meaning of the order of December 5, 1872, we must read it in connection with that clause of the constitution and section of the statute on this subject. When that is done, it seems quite clear the board intended to, and did, allow the sheriff $1500 each year as his compensation, together with a sufficient amount of what remained of fees received as would pay deputy hire, fuel, stationery and other

expenses, and the balance of the income of the office, if any, he was directed to pay into the county treasury. The construction contended for by plaintiffs is a very illiberal one. That clause of the constitution in relation to compensation of county officers does not mean that the "compensation" to be fixed by the county board shall, in every instance, include all expenses of the office. It may or may not include such expenses. The compensation of such officer may be fixed at a sum not exceeding the constitutional limit, and another sum designated for "necessary clerk hire, stationery, fuel and other expenses." In *Kilgore* v. *The People,* 76 Ill. 548, it was held, the compensation fixed included, also, expenses for "fuel, stationery and clerk hire;" but that, it will be observed, was for the reason it was so expressed in the order of the county board. That is not the case here. A clear intention is manifested to give the sheriff a compensation of $1500 each year of his current term, and an additional sum for "deputy hire, fuel, stationery and other expenses," if enough for that purpose could be realized from the fees and emoluments of the office, but not otherwise. Should the construction insisted upon be adopted, that the $1500 appropriated to the sheriff as "compensation," also included allowances for necessary expenses of the office, then, according to averments in the seventh plea, admitted by the demurrer to be true. the sheriff would not only receive no compensation for his personal services, but would be a heavy loser by having accepted and performed the duties of the office. That, certainly, was not the intention of the county board, and we are unwilling to give any such unreasonable construction to the order of December 5, 1872, in relation to the sheriff's compensation, as would work such palpable injustice.

Without reference to the mere form of the pleas, if true in substance, they present a defense to the action. Any formal defects that may appear may be readily corrected on special demurrer.

It was error to sustain a general demurrer to the pleas pre-

senting the defense, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*

BREESE, CRAIG and WALKER. JJ: We are unable to concur in the reasoning or conclusion announced in this opinion.