# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1881.

## WILLIAM S. HODGE ET AL.

v.

## THE PEOPLE, use, etc.

SHERIFF—COMPENSATION—ALLOWANCE FOR EXPENSES OF OFFICE.—A sheriff may retain from the fees collected by him, the amount of his compensation, and such reasonable sums as he has necessarily paid out for clerk hire, and other expenses of his office, irrespective of the sums fixed by the county board for clerk hire and expenses.

ERROR to the Circuit Court of Pope county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed April 7, 1881.

Messrs. MORRIS & BOYER and Mr. J. A. ROSE, for plaintiffs in error; that the sheriff might retain sufficient to pay the expenses of his office, cited Constitution of 1870, Art. X, § 10; Rev. Stat. 1874, 521; Cullom v. Dolloff, 94 Ill. 330; Brisco v. Clark Co. 95 Ill. 309.

Mr. WESLEY SLOAN, for defendant in error; that a person accepting a public office at a fixed salary is bound to perform its duties for the salary, cited City of Decatur v. Vermillion Co. 77 Ill. 315; Kilgore v. The People, 76 Ill. 548; Hughes v.

The People, 82 Ill. 78; Wheelock v. The People, 84 Ill. 551.

The sheriff's account must be approved and allowed by the county board: Rev. Stat. 1874, 521.

WALL, P. J. This was an action of debt on the official bond of William S. Hodge, sheriff of Pope county. Various questions have been raised and argued, some of them not necessary to consider in the view we take of the case, and we shall not follow the order in which they are presented, but will dispose of the main controversy as it appears to us from the record. The pleadings are quite voluminous, and perhaps there are technical objections and questions which might be urged. These will be overlooked as coming too late, or as being of not sufficient importance to justify their examination. The declaration alleges in substance that the county board at the September meeting before the election of the sheriff fixed his salary at one thousand dollars, and allowed him the further sum of five hundred dollars per annum for deputy and clerk hire, to be paid out of the fees actually earned and collected; that the sheriff earned and collected more than enough to cover these allowances, but ignoring the provision with regard to his deputy and clerk hire charged the county with a much larger sum for these items, and though the county board rejected this report and required him to pay into the county treasury the amount collected in excess of these allowances, he had refused to do so, and this suit was brought to recover said excess.

The defendant filed a number of special pleas to the several breaches, averring that the necessary expenses of the office, including the items for deputy and clerk hire, were in excess of said sum of five hundred dollars, and were in excess of the amount collected by him above the sum of one thousand dollars allowed for his compensation, so that retaining only the one thousand dollars, and the amount actually paid out for the necessary expenses of the office, including the deputy and clerk hire, nothing would remain in his hands of the sum actually earned and collected. A demurrer was sustained to the pleas. We think the 5th and 7th pleas present this proposition sub-

stantially, and if it constitutes a good defense the court erred, and this, as we understond the record, is really the point for decision. The Constitution, Art. X, Sec. 10, requires the county board to " Fix the compensation of all county officers, with the amount of their necessary clerk, hire, stationery, fuel and other expenses." It also provides that the compensation of no officer shall be increased or diminished during his term of office. The Supreme Court have decided that " compensation," as here used, applies only to the sum allowed the officer for his personal services. Cullom v. Dolloff, 94 Ill. 330; Briscoe v. Clark County, 95 Ill. 309. As to this " compensation," there can be no change during the official term. But as to the allowance for expenses of the office, it is otherwise. In the Dolloff case, it was held that though the board had allowed a certain sum for clerk hire and other expenses, yet unless this sum was required for these purposes it could not all be retained, for the plain reason that such a practice would lead to an evasion of the Constitution which had fixed the maximum to be paid to the officer for his personal services. In the Briscoe case, it was held that though the board had fixed a sum for clerk hire and other expenses, yet if such sum was not enough to cover the actual expenses, it might be increased, as it was the purpose of the Constitution that these officers should be allowed all that might be necessary for the actual expenses of the office, and no more. The " compensation " is to be *fixed*, and cannot be changed, but the allowance for expenses must depend upon necessity, and as the circumstances cannot be foreseen, this allowance may be changed from time to time as occasion may require, and in that case the act of the board in fixing this allowance in advance was characterized as " extra constitutional."

In the Briscoe case the board made a second order abrogating the first, and providing a new arrangement. This second order was by reason of its peculiar features regarded as vicious and against public policy, and therefore not to be enforced, but it was considered sufficient to set aside the first order, so that the matter stood as though the board had made no order in regard to the expenses of the office, and it was held that the offi-

cer should be allowed whatever was shown to be necessary for the purpose, payable out of the fees actually collected. In the case at bar it will be seen that the board made an allowance of five hundred dollars for deputy and clerk hire, but made none for the other items of "stationery, fuel and other expenses;" so that a part only of the necessary expenses of the office was provided for; and it appears from the pleas, which for the present purpose are admitted to be true, that the actual expenses of the office necessarily incurred were in excess of the sum allowed for the items allowed for deputy and clerk hire. Hence, if the sheriff must, as required by the board, pay into the county treasury the excess above the five hundred dollars, it is clear that he is compelled to meet out of his own funds a portion of the office expenses, which should be borne by the county. Now if it were assured that the original order of the board had in advance provided for a gross sum to cover all these items of expense, but that said sum was not enough, the question arises whether the sheriff would be without remedy if the board should refuse to make a sufficient allowance. It has been seen that the Constitution intends that the officer shall have, in addition to his compensation, a sum sufficient to pay his " necessary clerk hire, stationery, fuel and other expenses," payable out of the fees collected, and the statute (Sec. 51, Chap. 53, R. S.) provides accordingly that the officer shall keep an account of such expenditures and make report semi-annually, to the board, it being the duty of the latter to audit the account and ascertain the exact balance of fees held by the officer after such expenses as the board may approve and allow, requiring the balance to be paid into the county treasury. If this is his right, it seems too clear for argument that he cannot be deprived of it by the refusal or failure of the board to make a suitable allowance, and if the board should persist in holding him to a sum which had been allowed in advance, and which was too small, he would not be bound thereby, but might retain the sum properly chargeable for such purpose, the burden of proof being upon him, of course, to show the necessity for the expenditure. In the Board of Supervisors of LaSalle Co. v. Reynolds, 49 Ill. 186, the Supreme Court

considered the proper construction of Sec. 4 of the Pauper Act, which made it the duty of the board to pay for services rendered to poor persons in certain cases, such sum "as ought to be allowed," and it was held that the decision of the board was not final, and that if they failed to award a proper amount the claimant might recover what was reasonable for the service—saying that the board was not a court trying a cause whose judgment, when there was jurisdiction, would be binding, but was merely acting as a board of auditors, and that their decision was not conclusive—and we think the principle there announced may well be applied to this case. The case at bar is unlike the case where the board makes an order fixing the compensation at a given sum within the constitutional limit, and providing that such compensation shall include the expense of the office. In such case, no more can be retained. Kilgore v. The People, 76 Ill. 548; Wheelock v. The People, 84 Ill. 551; Jennings v. Fayette County. Opinion filed Feb. 1881, and so we have held in the case of Hamilton County v. Buck, decided at the present term. It follows from what has been said that the 5th and 7th pleas present a substantial defense, and the demurrer should have been overruled as to them. The sheriff should be allowed to retain the amount fixed for his "compensation," and in addition thereto a sum sufficient to cover the amount actually paid out by him for "necessary clerk hire, stationery, fuel, and other expenses to be ascertained from the evidence.

The judgment is reversed and the cause remanded.

Reversed.