WILLIAM BRISSENDEN

*v.*

THE COUNTY OF CLAY.

*Filed at Mt. Vernon April 1, 1896—Rehearing denied May 9, 1896.*

1. FEES AND SALARIES—*county board may fix clerk hire and expenses of county clerk.* County boards have power to fix in advance clerk hire and other expenses of county clerks. (*Cullom* v. *Dolloff*, 94 Ill. 330, and *Briscoe* v. *Clark County*, 95 id. 309, distinguished.)

2. SAME—*what is a fixing of clerk hire and expenses.* The action of a county board fixing the "salary" of an incoming county clerk at a specified sum, "including deputy clerks and extra clerks," is such a fixing of compensation and expenses under section 10, article 10, of the constitution, as to prevent a subsequent allowance to such clerk for the hire of help to perform the work of the office.

APPEAL from the Circuit Court of Clay county; the Hon. S. Z. LANDES, Judge, presiding.

R. S. C. REAUGH, and B. H. CANBY, for appellant:

By the term "compensation," as used in section 10 of article 10 of the constitution of 1870, is meant and intended only the personal pay or remuneration of county officers, and the "clerk hire, fuel, stationery and other expenses" in said section mentioned are no part of and are not included in said term. *Cullom* v. *Dolloff*, 94 Ill. 330; *Briscoe* v. *Clark County*, 95 id. 309; *Hodge* v. *People*, 8 Ill. App. 194; *County of Schuyler* v. *Bogue*, 38 id. 48; *People* v. *Foster*, 133 Ill. 496; *County of LaSalle* v. *Milligan*, 143 id. 321.

Under section 10 of article 10 of the constitution, a county board has no power to fix unalterably, in advance, the amount of a county clerk's "necessary clerk hire," either separately or by combining it with the compensation of the clerk in one sum. *Cullom* v. *Dolloff*, 94 Ill. 330; *Briscoe* v. *Clark County*, 95 id. 309; *Hodge* v. *People*, 8 Ill. App. 194; *County of Schuyler* v. *Bogue*, 38 id. 48; *People* v. *Foster*, 133 Ill. 496; *County of LaSalle* v. *Milligan*, 143 id. 321.

Upon a sound construction of section 10 of article 10 of the constitution, the "compensation," alone, of county

officers thereunder is made payable out of fees earned and actually collected, and that limitation does not apply to "necessary clerk hire, fuel, stationery and other expenses." *County of Schuyler* v. *Bogue*, 38 Ill. App. 48; *Cullom* v. *Dolloff*, 94 Ill. 330.

Upon a sound construction of section 10 of article 10 of the constitution, the only limitation on the amount of clerk hire to which a county officer is entitled is, that the same shall be reasonably necessary under the facts. *Cullom* v. *Dolloff*, 94 Ill. 330; *County of Schuyler* v. *Bogue*, 38 Ill. App. 48; *Hodge* v. *People*, 8 id. 194; *Briscoe* v. *Clark County*, 95 Ill. 309; *People* v. *Foster*, 133 id. 496; *County of LaSalle* v. *Milligan*, 143 id. 321.

H. W. SHRINER, BARNES & ROSE, and C. S. CONGER, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was an action of debt, brought by William Brissenden, against the county of Clay, to recover a certain sum of money paid out by him, while acting as county clerk, for necessary clerk hire for a period of three years, from the first Monday of December, 1890, to the first Monday of December, 1893. The cause was heard in the circuit court upon an agreed statement of facts, a jury having been waived by the parties, and upon the evidence introduced the court entered judgment for the defendant, to reverse which plaintiff appealed.

From the facts as agreed upon it appears that the board of supervisors of Clay county, at its September session, 1890, adopted a resolution, as follows:

*Resolved,* That the incoming county officers' salaries, including deputy clerks and deputy sheriffs and extra clerks, also including any commissions on moneys as per statute, be as follows: County judge, $400 per annum; county clerk, $1200 per annum; county treasurer, $1100 per annum; sheriff, $1000 per annum; and that they be paid as at present system of payment.

At the November election, 1890, the plaintiff was elected county clerk, and on the first Monday of December following he entered upon the discharge of the duties of the office. During his official term as such county clerk, from the first Monday in December, 1890, to the first Monday in December, 1893, the work and official duties of the office were too great to be performed and done by plaintiff himself, and it became and was necessary for him to employ clerks in the office, during said period, to help do and perform the work of the same, and he did employ clerks to work in said office, and paid to them, during the period aforesaid, the total sum of $1755.21, as follows: From the first Monday in December, 1890, to the first Monday in December, 1891, $605.21; from the first Monday in December, 1891, to the first Monday in December, 1892, $500; from the first Monday in December, 1892, to the first Monday in December, 1893, $650,—in all, $1755.21.

The court refused a proposition of plaintiff that under the facts in evidence he was entitled to recover, and at the request of the county, among other things, held as follows:

"The county board of Clay county did legally fix the compensation of the county clerk at the sum of $1200 per annum, and included in such sum the salary or compensation of the personal services of the clerk, and also all compensation to be paid to deputy clerks and extra clerks, and in such case the sum of $1200 per annum can neither be increased nor diminished during Brissenden's term of office, but must be accepted as the full compensation to which he, as county clerk, is entitled to receive from the county for his own services as such clerk, and other clerks as he may have employed to assist him in the performance of the duties of such office."

It is contended in the argument of counsel for appellant, that "compensation is one thing and expenses of an office another; that compensation is a permanent,

known, uniform and stable affair, and must be fixed in advance; that expenses are variable, uncertain and unknown things, and cannot and are not to be fixed, and that an officer, under the constitution, is to receive compensation as a personal matter, for his own pay, over and above, in addition to or besides his expenditures for necessary expenses, and that the whole of the latter must, under the constitution, be repaid to him beyond his personal remuneration." In order to determine whether this position can be maintained it will be necessary to refer briefly to our constitutional provision bearing upon the question, and to the former decisions of this court where similar questions have arisen.

Section 10 of article 10 of the constitution provides that "the county board  *  *  *  shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses; and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected: *Provided*, that the compensation of no officer shall be increased or diminished during his term of office.  *  *  *  All fees or allowances by them received, in excess of their said compensation, shall be paid into the county treasury."

In *Kilgore* v. *People*, 76 Ill. 548, the board of supervisors passed a resolution fixing the compensation of the county treasurer at $700 per annum, with this proviso: "*Provided*, that the said treasurer furnish his own fuel, stationery and clerk hire." It was contended by the treasurer that his compensation was not fixed by the order which the board had adopted. In passing on this question it was said (p. 551): "The county board, acting under this mandate of the constitution," (sec. 10, art. 10,) "fixed the compensation of appellant at $700 per annum, to include fuel, stationery and clerk hire, and although no definite sum is specified for the one or the other, his entire compensation was fixed,—it was limited to $700 per annum.

Herein we can perceive nothing wanting to make his compensation specific and certain. * * * Appellant is in error in arguing that it was the duty of the county board to fix a specific sum for salary and a specific sum for the expenses of the office. ˙ Section 10 of article 10 above cited says not a word about 'salary.' It does not contain that word. The board is required to fix the 'compensation,'—the whole compensation, including stationery, fuel and clerk hire. This they have done,—meagerly, it may be, yet it is the compensation which the person holding the office of treasurer should have, and no more."

In *Wheelock* v. *People*, 84 Ill. 551, the construction of section 10 of article 10 of the constitution again arose, and *Kilgore* v. *People* was referred to with approval, and it was held that the clause of the constitution in relation to the compensation of county officers does not mean that the compensation to be fixed by the county board shall in every case include all expenses of the office, but it may or it may not include such expenses.

*Jennings* v. *Fayette County*, 97 Ill. 419, is a case where the action of the county board in fixing compensation for a sheriff and pay for his deputies arose, and the rule adopted in the cases *supra* was approved. In the decision of the case it is, among other things, said (p. 422): "Compensation of county officers may or may not include expenses of the office. It is not alone for the personal services of the incumbent. It is lawful to fix a compensation that will include expenses of the office as well as the personal services of the incumbent, as was done in *Kilgore's case*, 76 Ill. 548. But it is also lawful for the board to fix one amount for the personal services of the officer and another amount for the expenses of the office. This mode of fixing the compensation of county officers was approved in *Wheelock* v. *People*, 84 Ill. 551, and in *Cullom* v. *Dolloff*, 94 id. 330. Where the compensation includes expenses of the office such officer is entitled to retain the full amount allowed, if the fees actually collected equal

that amount. But where one sum is allowed to the officer and another sum for expenses, such officer may retain out of the fees collected the amount allowed to him for his personal services, but no more of the sum appropriated for expenses than the sum actually expended for office expenses. This was expressly decided in *Cullom* v. *Dolloff, supra.*"

Under the law as declared in the cases cited *supra*, it is plain that the county board may, in fixing the compensation to be paid a county officer, include the necessary clerk hire, stationery, fuel and other expenses contemplated by article 10, section 10, of the constitution, or the board may fix one amount as compensation and a separate and distinct amount as clerk hire or other expenses, which latter course we regard as the better practice. When the former course is adopted the amount so fixed cannot be changed by the board, and the officer is entitled to retain from fees collected the entire amount allowed and no further or greater sum. Where, however, the latter course above indicated is adopted, the amount allowed for official services cannot be changed during the official term, and the officer can only retain so much of the amount allowed as clerk hire or other expenses of the office as is required to defray such clerk hire or other expenses.

It is contended in the argument there is absolutely nothing in the section of the constitution referred to, giving to the board authority to fix clerk hire or other office expenses. The language of the constitution is: "The county board * * * shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses." If the board is required to fix the compensation, under the language of the constitution it is also required to fix clerk hire and other official expenses. The language used will admit of no other construction. No doubt the framers of the constitution, in placing in the hands of

the county board power to fix clerk hire and other official expenses, did so as a check or curb to prevent the extravagant expenditure of money which might be resorted to by county officials under the pretense of necessary expenses, if they had the unlimited power over such expenses.   If county officers had the power to run up the expenses of their respective offices to such sum as they might determine to be necessary, and the county board had no power over the matter except to audit the amount· at the end of each year, it is not likely that any large amount of fees collected by county officers would find its way into the county treasury.

It is, however, claimed in the argument, that under the ruling in *Cullom* v. *Dolloff*, 94 Ill. 330, and *Briscoe* v. *Clark County*, 95 id. 309, the county board has no power to fix clerk hire and other expenses.   We do not understand that these cases conflict, in any manner, with the cases heretofore cited.   In the *Cullom case* the expenses had been fixed in advance at a definite sum, and the question arose whether the officer could retain all of such sum, whether necessary for expenses of the office or not, and it was held that he could only retain such portion as was necessary.   The *Kilgore case* was cited with approval, and it was expressly held that the board had the power to fix clerk hire and other official expenses, as held in former cases.   In the *Briscoe case* the county board, before the official term of the clerk began, fixed his salary at $1200, deputy at $600, fuel and stationery $200. The circuit and Appellate Courts held that the amount fixed for clerk hire, fuel and stationery could not be changed during the term for which the clerk was elected; that the compensation could not be changed, but where the clerk hire was separate it could be changed.   That ruling was held to be erroneous, but it was nowhere intimated that the board could not fix the compensation and clerk hire at one amount, and when so fixed it could not be changed, as held in former cases.

As has been seen, in the case under consideration the compensation and clerk hire were fixed at a definite amount before the clerk entered upon his official term, by the county board. After the amount was fixed, under the former rulings of this court it could not be changed. The circuit court, in its rulings, conformed to this view, and the judgment of that court will be affirmed.

*Judgment affirmed.*