## Coles County

*v.*

## Amos H. Messer.

*Opinion filed December 18, 1901—Rehearing denied April 12, 1902.*

1. Evidence—*general objection is sufficient if evidence is not admissible for any purpose.* General objections to the introduction of evidence are sufficient to raise the question whether such evidence was admissible for any purpose.

2. Fees and salaries—*county officer not entitled to any compensation except that given by law.* A county officer is not entitled to any compensation except such as is given by law, and when he accepts an office with a fixed salary he is bound to perform the duties of the office for such salary, and cannot demand additional compensation for any services in the line of his official duty.

3. Same—*county board is required to fix whole compensation of county officers.* The county board is required to fix the whole compensation of county officers, including clerk hire, stationery, fuel and other expenses, but it is not necessary that this should be done by fixing one sum for compensation and another for expenses.

4. Same—*effect where compensation, including expenses, is fixed at one sum or separate sums.* If compensation, including expenses, is fixed at one sum, the officer is entitled to retain that amount if paid into his office in fees; but if one sum is fixed for compensation and another for expenses the officer is entitled to the whole compensation, but only so much of the amount allowed for expenses as will re-imburse him for money paid out for reasonable and necessary expenses of his office.

5. Same—*expenses not fixed in advance by the county board cannot be recovered.* The compensation of a county officer, including the expenses of the office, must be paid out of the fees and emoluments of the office; but there is no liability on the part of the county, and can be no recovery for expenses if no allowance therefor has been fixed in advance by the county board. (Wilkin, C. J., and Hand, J., dissenting.)

6. Same—*county officer cannot create a liability against county beyond limit fixed for expenses.* County officers have no power to create a liability against the county for expenses except within some limit already fixed by the county board, and while the allowance for expenses may be changed from time to time, as circumstances may require, there is no liability unless an allowance has been made. (Wilkin, C. J., and Hand, J., dissenting.)

*Coles County* v. *Messer,* 92 Ill. App. 432, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

A. J. FRYER, S. S. ANDERSON, and JOHN F. VOIGT, Jr., State's Attorney, for appellant:

When the county board fixes the compensation of an officer at a certain sum, including deputy hire, that sum is the limit.    *Cullom* v. *Dolloff,* 94 Ill. 330; *Briscoe* v. *Clark,* 65 id. 309; *Wheelock* v. *People,* 84 id. 551; *Jennings* v. *Fayette County,* 97 id. 419.

If allowance for compensation includes clerk hire (in this case, deputy hire and other expenses,) it cannot be changed.    *Hamilton County* v. *Buck,* 8 Ill. App. 248.

· Decisions bearing on the question in the case: *County of Cook* v. *Gilbert,* 146 Ill. 268; *County of LaSalle* v. *Morgan,* 143 id. 321; *Goff* v. *Douglas County,* 132 id. 323; *Hogan* v. *Stophlet,* 179 id. 150.

The propriety of the admission or exclusion of evidence in the trial court involves a question of law, as to which the judgment of the Appellate Court is not conclusive.    *Keating* v. *Springer,* 146 Ill. 481.

An officer is not entitled to compensation unless it is given to him by the constitution or a statute, and when compensation is thus given, whether by salary or by fees or by commission, or otherwise, it is in full of all his official services, and he is not entitled to demand or receive any additional compensation from the public or from an individual for any service within the line of his official duty.    *Decatur* v. *Vermillion,* 77 Ill. 315; Throop on Public Officers, sec. 478; *Sidway* v. *South Park Comrs.* 120 Ill. 496.

The power to limit is given by the constitution, and when once limited it must stand as thus fixed. Any other view would abrogate the constitution itself. Until the board acted the sheriff was entitled to nothing, and certainly not entitled to more than the board allowed him.

JOHN H. MARSHALL, and NEAL & WILEY, for appellee:

A general assignment of error to the admission of evidence cannot be considered where the particular matter claimed to constitute the error is not indicated. *Rice* v. *Heap*, 151 Ill. 264; *Strodtman* v. *County of Menard*, 158 id. 155; *Razor* v. *Razor*, 142 id. 375.

An order fixing the compensation of the sheriff may or may not include his expenses. *Cullom* v. *Dolloff*, 94 Ill. 330; *Brissenden* v. *Clay County*, 161 id. 222; *Jennings* v. *Fayette County*, 97 id. 419.

Where such order of the board does not include the "expenses" of the officer, he may recover his necessary expenses from the county. *People* v. *Darrah*, 84 Ill. App. 515; *LaSalle County* v. *Milligan*, 143 Ill. 321; *Wheelock* v. *People*, 84 id. 551; *Windmiller* v. *People*, 78 Ill. App. 273.

Where the only question raised is whether, under the evidence, the plaintiff is entitled to recover, this question is not to be considered by the Supreme Court. It is merely a question of fact, and the judgment of the Appellate Court is conclusive. *Insurance Co.* v. *Hall*, 160 Ill. 489; *Railroad Co.* v. *Ottawa*, 165 id. 209.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee was elected sheriff of Coles county for a term of four years, from the first Monday of December, 1894. The board of supervisors of said county fixed his compensation by resolution, as follows: "That the compensation of said sheriff, including all necessary deputy hire, be the sum of $2500 per annum, and that said sheriff be allowed $1.50 per day for jailor." During his term of office he received $10,114.68 fees collected and bills allowed by the county board, being $114.68 in excess of what he claimed for compensation, including deputy hire, under the resolution. He brought this suit in assumpsit in the circuit court of Coles county to recover expenses incurred by him in the performance of his duties as sher-

iff, which the county board had refused to audit and pay. Appellant pleaded the general issue and set-off, and a jury was waived and the cause tried by the court. At the trial the plaintiff admitted that said sum of $114.68 collected by him above the amount allowed by the resolution was properly chargeable against him, and it was stipulated that he had earned fees to the amount of $1611.02 against the county over and above what had been paid him, which would constitute a fund to pay the expenses sued for, in case he was entitled to recover such expenses. The court found the issues for plaintiff, and after allowing him to retain said sum of $114.68 in his hands to apply on expenses, entered judgment against the defendant for $1611.02,—the entire balance of the earnings of his office which could be chargeable to the county or constitute a fund out of which he could be paid. The Appellate Court affirmed the judgment.

Plaintiff offered evidence that he had incurred expenses in conveying pauper insane patients to the asylum at Kankakee of $166.50; expenses of conveying prisoners from the county jail to the courts and back to the jail, $58; for rent of office in Mattoon, $90; for livery bills paid, $58.50; for the use of his horses and buggy in the discharge of his duties, $1460. The defendant objected to each item of this evidence as it was offered, and the admission of the evidence against such objections is assigned as error. On the other hand, it is insisted that the exceptions taken are not sufficient to raise the question as to the admissibility of the evidence.

When the evidence of the expenses of taking insane patients to Kankakee was offered, defendant objected. The court overruled the objection and the defendant excepted. When evidence was offered as to the rent of the office in Mattoon, defendant again objected, the objection was overruled and exception was again taken. There was the same objection, ruling and exception as to the evidence of expenses in taking prisoners from the jail

to the court and returning them to the jail. It is urged against the objections that they were not sufficiently specific to raise any question. The objections were sufficient to raise the question whether the evidence was admissible for any purpose. (8 Ency. of Pl. & Pr. 228.) If the objections had any force they were such as could not be obviated, and in all such cases a general objection is sufficient. In *Sidwell* v. *Schumacher*, 99 Ill. 426, that rule was stated as follows (p. 433): "There is no principle pertaining to the production of testimony better settled than that a general objection is sufficient to exclude evidence that is not admissible under any circumstances."

It cannot be doubted that the assignment of error is properly based on those exceptions, but we are also of the opinion that the exceptions taken to the evidence concerning livery hire and the use of the plaintiff's own horses and buggy were sufficient. When evidence concerning those matters was offered, defendant objected, and the court said, "I will hear the evidence subject to the objection," and the defendant excepted to the ruling and the admission of the testimony. The objections were repeated several times as the evidence was offered, and the court on each occasion made the same statement and the defendant each time excepted. The court did not postpone a ruling on the question. If that had been done without objection a different question might have arisen, but the evidence was admitted without providing for a future ruling, and the record shows that the court considered it and allowed the claims to which the evidence related. The livery bills paid by plaintiff amounted to $58.50 and the use of his horses and buggy to $1460, and these items constituted the bulk of plaintiff's account and of the judgment. The judgment could not have exceeded $200 after deducting the amount in the plaintiff's hands without including the objectionable items. In fact, they constituted, as all the parties agree, the principal claim of the plaintiff.

The often repeated provision of the constitution relating to the fees of county officers is found in section 10 of article 10, which provides that the county board shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses; that in all cases where fees are provided for, said compensation shall be paid only out of and shall in no instance exceed the fees actually collected, and that all fees or allowances received by such officers in excess of their said compensation shall be paid into the county treasury. An officer is not entitled to any compensation except such as is given to him by law, and when he accepts an office with a fixed salary he is bound to perform the duties of the office for such salary, and cannot demand any additional compensation for any service within the line of his official duty. (*City of Decatur* v. *Vermillion,* 77 Ill. 315; Throop on Public Officers, sec. 478.) The county board is required to fix the whole compensation of the officer, including clerk hire, stationery, fuel and other expenses, and it is not necessary that this should be done by fixing a separate sum for the services and another sum for the expenses. It may be fixed at a certain sum, which, in such a case, will cover all, both personal services and expenses. (*Kilgore* v. *People,* 76 Ill. 548.) If the compensation, including the expenses, is fixed at one sum, the officer is entitled to retain that amount, if it is paid by the fees of his office. If it is fixed in separate sums,—one sum for the compensation of the officer and another sum for expenses,—the officer can only retain out of the fees collected a sufficient sum to reimburse him for moneys actually paid out for reasonable and necessary expenses of his office. He may retain the whole compensation, but cannot retain what is either unnecessary for expenses or what is not actually paid out for services rendered. If the amounts are fixed separately, the compensation, aside from the expenses, cannot be

changed during the official term, but the expenses may be changed from time to time by the county board as the necessities of the office may change. Compensation, within the meaning of the constitution, is not alone for the personal services of the incumbent of the office, and it makes no difference whether the board fixes one sum for the services and another for the expenses of the office, or one sum for both. The compensation, including the expenses, can only be paid out of the fees actually collected. The incumbent takes the office *cum onere*, and no responsibility rests upon the county to make up a deficit after exhausting the fees collected. (*Wheelock* v. *People*, 84 Ill. 551; *Cullom* v. *Dolloff*, 94 id. 330; *Briscoe* v. *Clark County*, 95 id. 309; *Jennings* v. *Fayette County*, 97 id. 419.) The principle of all the decisions is, that the compensation, including the expenses of the office, is to be paid, if at all, out of the fees and emoluments of the office, and that there is no liability and there can be no recovery for expenses which have not been fixed in advance by the county board. The plain intent and meaning of the constitution is that the county board shall have power to control and limit the expenses of county officers, and that the officers shall not be at liberty to create a liability against the county except within some limit already fixed by the county board. The allowance for expenses may be changed from time to time, as varying circumstances may require; but there is no liability unless an allowance has been made.

Counsel rely upon the decision in *County of LaSalle* v. *Milligan*, 143 Ill. 321, to sustain their claim that the sheriff may create a liability against the county. In that case the county board fixed the salary of the sheriff and salaries of six deputies, with a provision that the sheriff be allowed the necessary traveling expenses of himself and his deputies, and requiring him to keep an accurate account thereof. The questions considered in that case arose upon propositions of law as to what were expenses.

The court divided such expenses into two classes, and passed upon the propositions as to what would properly fall within an expense account. The question here involved was not decided. In *Wheelock* v. *People, supra,* by an order of the county board and an order explanatory thereof, the sheriff was allowed a compensation of $1500, and also his deputy hire, fuel, stationery and other expenses, if enough could be realized from the fees and emoluments of the office. In *Briscoe* v. *Clark County, supra,* the county board allowed the county clerk for compensation $1200, for deputy $600 and for fuel and stationery $200, and afterward made a bargain, held to be invalid, by which he was to retain all the earnings of his office. In both cases there was an intention to allow for expenses and an attempt to do so by the orders made, and the officer was allowed the actual necessary expenses incurred. Subsequently, the cases were reviewed in *Brissenden* v. *Clay County,* 161 Ill. 216. In that case the county clerk brought suit to recover sums necessarily paid out by him for clerk hire. The county board had fixed his compensation, including clerks, at $1200 per annum, and it became necessary to employ clerks and pay them the amount sued for. It was contended that compensation is one thing and the expenses of the office another, and that an officer is entitled to his necessary expenses beyond his personal remuneration. Our holding was, that the county board is required to fix the clerk hire and other official expenses, and that it is not within the power of the county officer to create any liability against the county beyond the amount allowed, and we said (p. 222): "If county officers had the power to run up the expenses of their respective offices to such sum as they might determine to be necessary, and the county board had no power over the matter except to audit the amount at the end of each year, it is not likely that any large amount of fees collected by county officers would find its way into the county treasury."

The county cannot be made liable for any expenditure unless the county board has fixed a sum for expenses, and the aggregate expenses are necessary and within the amount. The fact that nothing has ever been fixed expressly for expenses does not authorize a recovery for expenses any more than the failure to fix compensation would authorize a recovery for reasonable compensation. If a county officer can recover from the county for expenses where no sum has been fixed or allowed for such expenses, he can recover any amount, within the fees collected, which he necessarily expends, and the provision of the constitution under which the board has the absolute power to fix and limit expenses would be nugatory and of no avail. If plaintiff was not willing to take the office of sheriff with the compensation which had been fixed and desired an allowance for expenses, he should have applied to the board to fix some sum within which he would be authorized to incur expenses, payable out of the fees and emoluments of his office. It would have been within the discretion of the county board to withhold any allowance, or to make one and fix it at such a sum as they chose. The provision of the constitution and the power of the county board could not be abrogated or destroyed by failure to obtain the allowance.

The charge for money paid for the rent of an office in Mattoon was $90, and plaintiff proved that this expense was authorized by a resolution of the county board at the April term, 1896. The evidence concerning this item was properly admitted. The items allowed for expenses in conveying insane patients to Kankakee and prisoners to and from the county jail, and for livery bills and his own horses and buggy, could not be recovered. Evidence that such expenses were incurred was not admissible, and the objections to them ought to have been sustained. Whether expenses of transportation or livery and use of horses and buggy in performing such official services could, in any case, be added to the fees allowed

by law and recovered as expenses is not involved in this case, and we are not to be understood as holding that they are legitimate expenses in any case. The allowance of $2500 per annum to appellee by resolution of the county board was not for his personal compensation alone, but included all necessary deputy hire, and he was allowed $1.50 per day for a jailor. The subsequent resolution gave him $90 for office rent. With these allowances he must be content.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.                     *Reversed and remanded.*

Mr. CHIEF JUSTICE WILKIN, dissenting:

I dissent from the above holding that a county official cannot create a liability against his county for the actual necessary expenses of his office except within some limit already fixed by the county board, and that a county can not be made liable for any expenditure unless the county board has fixed a sum for expenses. The fixing of the compensation of the officer differs from the fixing of his necessary expenses in that the former cannot be changed, whereas the latter must be changed from time to time to meet the actual, legal, necessary expenses of conducting the business of the office. The effect of this decision is, that if the county board fixes, or attempts to fix, a separate amount for "necessary clerk hire, stationery, fuel and other expenses" at any sum, however inadequate, the officer may recover all the actual necessary expenses of his office, but if no sum whatever is fixed in advance then he can recover nothing, no matter how urgent or absolute may be the necessity for the expenditure. This seems to me an unreasonable construction of the constitution and contrary to the spirit of our prior decisions.

Mr. JUSTICE HAND: I concur in the foregoing dissenting opinion.