### The People of the State of Illinois, for use of Richland County, v. William Parker, et al.

1. COUNTY TREASURER—*power of county board with respect to compensation of.* Where the county board by resolution fixes the salary, compensation and expenses of the county treasurer for the entire term of his office, such board has exhausted its power to increase or diminish his salary or compensation for any portion of such period.

Action of debt upon bond. Appeal from the Circuit Court of Richland County; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1904. Reversed and judgment here. Opinion filed September 9, 1904.

JOHN C. RITTER, State's Attorney, LEVI CLODFELTER and S. J. GEE, for appellant.

JOHN LYNCH, JR., for appellees.

MR. JUSTICE MYERS delivered the opinion of the court. William Parker, the appellee, was elected and duly qual-

fied as treasurer of Richland county in November, 1898. In fixing the salary, statutory allowances, clerk hire and expense of the office for the succeeding term of four years, the board of supervisors, as required by law, at a regular meeting September 14, 1898, passed and adopted the following resolution:

" Resolved, that the compensation of the county clerk for the four years commencing December, A. D. 1898, shall be fourteen hundred dollars per annum, and the compensation of the county treasurer for the same period shall be the sum of twelve hundred dollars per annum, to be paid only to them out of the fees and earnings of said offices when said fees and earnings are collected by them; and the above compensation shall be paid to and accepted by them, said county treasurer and county clerk, in full satisfaction and payment for all salary and statutory allowances, including necessary clerk hire in their offices, and in full settlement of all the expenses of said offices of every kind and description for and during the four years commencing December, 1898, except such expenses as are incurred for stationery and fuel, and no additional sum or sums of money shall be allowed to the said officers by the board of supervisors during the said four years for the performance of any of the official duties pertaining to the offices of treasurer and county clerk."

At a meeting held February 21, 1899, the following resolution was passed and adopted: " Be it resolved that inasmuch as the new revenue law of 1898 makes the county treasurer ex officio supervisor of assessments, that he be allowed three hundred dollars per annum for that purpose."

Appellee received $1,200 per annum as fixed in the resolution September 14, 1898, for the four years of his term of office. He claims compensation of $300 per year as supervisor of assessments, a duty imposed upon the county treasurer by the Revenue Act of 1898, and the resolution of the board passed February 21, 1899, is invoked in support of this claim. In making report of his office for the year 1899 he took credit for the sum of $300 " as his compensation as supervisor of assessments." This report was approved and the credit allowed. In June, 1900, he pre-

sented his bill, $150 " for salary as supervisor of assessments " for six months' services, which was rejected by the board, and in September he presented a bill of $300, " salary as supervisor of assessments " for the year 1900, which also was rejected, and by him again presented and again rejected at the November meeting. In his final settlement, December, 1902, he credits himself with $300 for the service of 1900, as supervisor of assessments, and retains this sum in accounting to his successor. To recover the $300 thus retained this suit was brought against appellee and his sureties in an action of debt upon his official bond.

In the same court and to the same term appellee Parker brought suit against appellant to recover $600 for service as supervisor of assessments for the years 1901 and 1902. Both cases were tried by the court without a jury and are now before this court on appeal.

The facts are stipulated, and only questions of law raised by the rulings of the trial court on propositions submitted are to be determined.

With the opinion of the Supreme Court in Coles County v. Messer, 195 Ill. 540, and Foote v. Lake County, 206 Ill. 185, before us, we are relieved of extended discussion of the legal propositions involved. In the Foote case it is held that the act of 1898, providing for a supervisor of assessment and his compensation, did not create a new office, but operated merely to impose additional duties on the office of county treasurer, and that the compensation of a county treasurer, fixed by the county board according to law, includes payment for his services rendered as *ex officio* supervisor of assessments. In Coles County v. Messer, *supra*, it is said : " The often repeated provision of the constitution relating to the fees of county officers is found in section 10 of article 10, which provides that the county board shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses; that in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected. * * * An

The People v. Parker.

officer is not entitled to any compensation except such as is given to him by law, and when he accepts an office with a fixed salary he is bound to perform the duties of the office for such salary, and cannot demand any additional compensation for any service within the line of his official duty. * * * The county board is required to fix the whole compensation of the officer, including clerk hire, stationery, fuel and other expenses, and it is not necessary that this should be done by fixing a separate sum for the services and another sum for the expenses. It may be fixed at a certain sum, which, in such a case, will cover all, both personal services and expenses. * * * If the amounts are fixed separately, the compensation, aside from the expenses, cannot be changed during the official term, but the expenses may be changed from time to time by the county board as the necessities of the office may change. Compensation, within the meaning of the constitution, is not alone for the personal services of the incumbent of the office, and it makes no difference whether the board fixes one sum for the services and another for the expenses of the office, or one sum for both. The compensation, including the expenses, can only be paid out of the fees actually collected. The incumbent takes the office *cum onere*, and no responsibility rests upon the county to make up a deficit after exhausting the fees collected. * * * The principle of all the decisions is, that the compensation, including the expenses of the office, is to be paid, if at all, out of the fees and emoluments of the office, and that there is no liability, and there can be no recovery for expenses which have not been fixed in advance by the county board. The plain intent and meaning of the constitution is that the county board shall have power to control and limit the expenses of county officers, and that the officers shall not be at liberty to create a liability against the county except within some limit already fixed by the county board. The allowance for expenses may be changed from time to time, as varying circumstances may require; but there is no liability unless an allowance has been made."

The resolution passed by the board September 14, 1898, in comprehensive and explicit terms, fixes the salary, compensation and expenses of the treasurer for the entire term of four years. By that act, under the constitution, the board exhausted its power to increase or diminish the salary or compensation of the appellee, whatever the additional duties imposed upon him by the Revenue Act of 1898. Whether or not it was competent for the board afterwards, and during his term of office, to increase the allowance for *expenses* merely, the same having been included by the resolution fixing the compensation, we need not now inquire. The opinion in the Messer case affords warrant, by inference at least, for the contention that both compensation and expenses having been fixed by irrevocable act of the county board, nothing thereafter could be done to increase the allowance for any purpose. It may also be observed that in that opinion is found the positive statement that "The compensation, including the expenses, can only be paid out of the fees actually collected." By resolution, February 21, 1899, the board endeavored to increase the *compensation* of appellee by reason of added duties as *ex officio* supervisor of assessments. This was the evident purpose of the board and the understanding and intent of the appellee. Whatever ambiguity may be found in the wording of the resolution is entirely removed by the subsequent interpretation of the parties affected by it. From first to last appellee treated the act of the board as an increase of salary or compensation. In the bills presented, in his statement of accounts and in final settlement, his claim is for "salary" or "services" as supervisor of assessments. So it appears from the stipulation of facts. Against the contention of appellee, in construction of the resolution of February 21, 1899, that the money retained was for payment of a deputy supervisor and clerk hire, duly authorized by the board, attention is called to the wording of section 2 of the Act of 1898: "He (the treasurer) may, with the advice and consent of the county board, appoint necessary deputies and clerks." Under the most liberal construction

we look in vain for the "advice and consent," to the appointment of a deputy supervisor, or that such was the purpose or expectation of either the board or appellee from the action taken.

In conclusion of this opinion it is held that the salary, statutory allowances, clerk hire, and all other expenses except stationery and fuel, in compensation of appellee as treasurer and *ex officio* supervisor of assessments, was fixed by the board, according to law, by the resolution passed September 14, 1898; that the resolution of February 21, 1899, was clearly intended to increase the compensation of the county treasurer, and being prohibited by express provision of the constitution and statute, was wholly void and without legal effect; that the rulings of the trial court upon the propositions of law submitted, so far as such rulings are in conflict with this opinion, are held to be error; that the judgment of the Circuit Court should be reversed; that the money for which this suit was brought is wrongfully withheld by appellee, and that the appellant is entitled to judgment in this court on issues made and the facts stipulated. Manistee Lumber Co. v. Union National Bank, 143 Ill. 490; Osgood v. Skinner, 186 Ill. 491.

It is therefore ordered and adjudged by this court, that the appellant, plaintiff in the Circuit Court, do have and recover of and from the appellees, defendants in the Circuit Court, the sum of $65,000 debt, and $326 damages, and all the costs and charges in this behalf expended by the appellant in this court and in the Circuit Court, and that execution issue therefor. It is further ordered that the debt herein shall be discharged upon payment of the damages and costs, and that this judgment be duly entered upon the records of this court.

*Reversed, with judgment in this court for appellant.*

Finding of facts, to be incorporated in the judgment of the court:

We find as facts that appellees are indebted to appellant in the sum of $326 for money had and received by William

Parker, one of said appellees, as county treasurer of Richland county, which sum he refused and still refuses to pay, whereby an action accrued against appellees upon the official bond of the said William Parker, county treasurer, as aforesaid, and his sureties, appellees.