84   515
p92   433

## People, etc., for the Use of Pike County, v. Matthew S. Darrah et al.

1. SHERIFFS—*Payment of Deputy Hire from Fees Collected.*—Where a county board fixes the personal salary of a sheriff, but omits to fix the amount of his deputy hire, he will have the legal right to retain out of the fees collected by him the reasonable amount which he has paid for his necessary deputy hire.

2. COUNTY BOARDS—*Salary of County Officers—Necessary Clerk Hire.*—Under Article 10, Section 10, of the Constitution of 1870, requiring the county board to fix the compensation of officers, with the amount of their necessary clerk hire, etc., it is lawful to fix a compensation that will include the expenses of the office as well as the personal services of the officer, or one amount may be fixed for the personal services of such officer and another amount for the expenses; and where the items of compensation for personal services and for expenses of the office have been severally apportioned by the county board, and the amount allowed for expenses is insufficient to meet the necessary requirements of the office, such amount may be changed from time to time during the term, but such change can not be made if fixed with the officer's compensation in a gross sum.

3. SAME—*Duty to Fix Amount of Necessary Expenses.*—It is as much the duty of the county board to fix the amount for necessary expenses as it is to fix the compensation of the officer.

4. SALARY—*A Synonym of Compensation.*—The word salary, as used by the county board in its order, unless it appears a different meaning is intended, must be accepted in its usual significance, as an annual or periodical payment for services, and in this sense it is a synonym of compensation, the word used in the constitution.

Debt, on sheriff's bond. Trial in the Circuit Court of Pike County; the Hon. CHARLES E. FULLER, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

J. D. Hess and Edwin Johnston, attorneys for appellants.

Jefferson Orr, W. H. Crow and W. E. Williams, attorneys for appellee.

Mr. Presiding Justice Wright delivered the opinion of the court.

Appellant sued appellees in an action in debt, upon the official bond of Matthew S. Darrah, as sheriff of Pike county, for the term beginning on the first Monday in December, 1890. A jury was waived and the cause was tried by the court upon a stipulation concerning the facts, and resulted in a finding and judgment against appellant, to reverse which it prosecutes this appeal, insisting the court erred in its finding and judgment, and also in its rulings upon the propositions of law submitted to it.

The facts admitted in the stipulation, material to the decision of the case, are that on September 10, 1890, the county board, as affecting the office of sheriff, adopted the report of its committee in the following language : " That the sheriff be allowed the fees and emoluments of his office as his salary, not to exceed $1,800 per year, and no more." That Darrah had collected, as fees and emoluments of the office, $10,200, retained $7,200 as his salary, and the balance ($2,850) he retained and paid out to John O'Neil, a regularly appointed deputy, and $150 to other like appointed deputies, for deputy hire during his term of office; and that such deputy hire was necessary, and the sum ($3,000) was reasonable for the same; and it was further agreed that the only question submitted to the court for its decision under the pleadings and upon the admitted state of facts is, did or did not M. S. Darrah have a legal right to retain said $3,000 of collected fees so paid out for necessary deputy hire ? Darrah made reports to the county board annually, and in his final report of March 20, 1895, it was exhibited that his total salary was $7,200; due as expenses for deputy, $2,850; that he had received, during the four years of his term, of fees, a total of $8,613.19; balance due on salary

December 4, 1894, $926.56, and total amount of uncollected fees, same date, $4,830.02. At the March meeting of the county board, 1895, the item in the report concerning deputy hire was on one day approved and on the next day reconsidered, and no further action taken. The only question arising upon the record for our decision is the same question submitted to the trial court by the stipulation of the parties—" did or did not M. S. Darrah have a legal right to retain said $3,000 of collected fees so paid out for deputy hire?" The insistence of counsel for appellant is that the order of the county board, which we have quoted above, includes not only the personal compensation of the sheriff but also the amount of the necessary clerk hire and other expenses incident to that office.

It has been decided, under Article 10, Section 10, of the Constitution, which requires the county board to fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses, that it is lawful to fix a compensation that will include the expenses of the office as well as the personal services of the incumbent; or one amount may be fixed for the personal services of the officer, and another amount for the expenses of the office; and where the items of compensation for personal services and for expenses of the office have been severally apportioned by the county board, and the amount allowed for expenses was insufficient to meet the necessary requirements of the office, such amount may be changed from time to time during the term of office, but such change could not be made if fixed with the officer's compensation in a gross sum. Wheelock v. Scott County, 84 Ill. 551; Jennings v. Fayette County, 97 Ill. 419; Daggett v. Ford County, 99 Ill. 334. It thus appears that a radical difference is to be regarded as existing in the nature and objects of the two items of compensation and expenses designated by the constitution. Compensation is for the personal services of the officer, and can not be changed after once it has been fixed; and the item for expenses is designed, whenever it is necessary for the proper administration of

the office, to enable the officer to obtain such services as the needs of the public demand, the former amount being incapable of change because it is personal to the officer, the latter being susceptible to such change because it is intended for the benefit of the public. It can not be denied that it is as much the duty of the county board to fix the amount for necessary expenses as it is to fix the compensation of the officers, and where, as in this case, it is admitted that the deputy hire, for which the sheriff paid, was necessary, and that the sum so paid was reasonable, it is difficult for a court of justice to presume that it was the intention of the county board, in a county where the compensation of the other officers range from $1,200 per year for the county judge to $1,500 per year for the county clerk and treasurer, that the sheriff should receive only $1,050 per year, as he would, in the face of the admitted facts, should the court adopt the appellant's construction of the order we have quoted in reference to the salary of the sheriff. We are unwilling to adopt such a construction—a construction, it seems to us, that will produce injustice both to the sheriff and to the public—unless there is a plain necessity or requirement of the law, compelling us to do so. We do not believe any such necessity or requirement exists. The word " salary " as used by the county board in its order, unless it appears a different meaning was intended, and it does not so appear, must be accepted in its usual significance, as an annual or periodical payment for services; and in this sense it is a synonym of "compensation," the word of the constitution; thereby demonstrating, it seems to us, that the only purpose of the order in question was to fix the compensation of the officer, leaving the matter of expenses, as we have seen might be done, to be fixed from time to time, as the emergencies of the business of the office and the necessities of the public should require. This the county board, the agent of the beneficial plaintiff in this respect, neglected to do; and we are unable to understand upon what principle of law or justice they can now derive any advantage from such dereliction of duty. It is true the appellee Darrah may have

been equally derelict to duty in failing to apply to the county board from time to time, but he derives no advantage from such neglect, for the reason that the money paid out by him for deputy-hire was for the benefit of the public only, in order that the service to it might be well performed, it being admitted, as has been seen, that such deputy service was necessary and the amount paid reasonable.

This court, in Windmiller v. People, 78 Ill. App. 273, is committed to the construction we have placed upon the order in question here, where we held a similar order of the county board did not include necessary clerk or deputy hire, and that the officer who had paid necessary clerk or deputy hire from the earnings of his office was protected against a suit by the county upon his official bond to recover the money so necessarily expended. We are still satisfied with that decision, and adhere to the views therein expressed.

The present suit is, of course, being prosecuted by authority of the county board, the representative of the county in this behalf, and by the authority of such board it has been admitted the amount paid for deputy-hire was necessary and reasonable, and it reasonably follows it was its duty, in obedience to the constitution, to have fixed that amount for necessary expenses, and the only excuse for its not having done so is, doubtless, that an application was not made to it for such purpose, which we think is not a sufficient reason to unjustly require the sheriff or his sureties to refund money admitted to have been applied to its proper and legal purpose.

We have examined the criticisms by counsel of the rulings of the trial court upon the propositions held and refused by it. The ruling of the court in refusing the propositions that were refused is in conformity with our own views herein expressed.

Some of the propositions held by the court, and of which complaint is made, may have been erroneous, but in our view of the case they were abstract questions merely, having no proper application to the question submitted for decis-

ion, and were not harmful; otherwise the propositions held by the court are in harmony with our own views of the same questions, and we are satisfied the law, so far as applicable to the question presented to the trial court for its judgment, was as fairly and correctly applied as the rights of appellant could demand, and in this respect no prejudicial error occurred.

Finding no error, the judgment of the Circuit Court will be affirmed.