## Coles County v. Amos H. Messer.

1. COUNTIES—*Construction of an Order Fixing the Sheriff's Compensation.*—An order of the county board fixing the compensation of the sheriff merely, does not include his necessary expenses, and where no order is passed limiting the amount of his expenses he can recover from the county all such expenses as are necessarily paid out by him in the discharge of his duties.

Assumpsit, for sheriff's expenses. Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

A. J. FRYER, EMORY ANDREWS and S. S. ANDERSON, attorneys for appellant.

H. A. NEAL and J. H. MARSHALL, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellee to recover for certain expenses incurred by him while discharging the duties of sheriff of Coles county. A jury was waived and a trial had by the court, resulting in a judgment in favor of appellee for $1,611.02.

The items claimed were for expenses in conveying pauper insane patients to the hospital, conveying prisoners to and from the county jail, for office rent at Mattoon and for livery hire for horse and buggy. There was no real controversy about the facts, and the decision of the case hinged upon a question of law. The order of the board of supervisors fixing the sheriff's compensation, and under which appellee acted, is as follows:

"In the matter of fixing compensation of the sheriff of Coles county, Illinois, for the ensuing term of four years after the first Monday in December, A. D. 1894."

"Be it resolved, That the compensation of the said sheriff, including all necessary deputy hire, be the sum of two thou-

sand and five hundred dollars per annum, and that said sheriff be allowed one dollar and fifty cents per day for jailor."

Counsel for appellant contend that when the board thus fixed appellee's compensation, it fixed the limit of his expenses, and that he is not entitled to recover anything for his expenses in excess of his salary and deputy hire. We do not concur in that view. The order is silent upon the matter of expenses. It fixes nothing but the sheriff's salary, deputy hire and per diem for jailor. We are firmly of the opinion that an order of a county board fixing the compensation of the sheriff merely, does not include his necessary expenses, and where no order is passed limiting the amount of his expenses that officer can recover from the county all such as were necessarily paid out by him in the discharge of his duty. In that view we are supported by the following authorities: County of La Salle v. Milligan, 143 Ill. 321; Windmiller v. People, etc., 78 Ill. App. 273; People, etc., v. Darrah, 84 Ill. App. 515.

Judgment affirmed.